JJEMILE R. ST. PIERRE, Judge Pro Tempore.
Plaintiff/Appellant, Dora Smith, appeals a partial summary judgment that dismissed defendant/appellee, Professional Construction Management Services, Inc. For the following reasons, the judgment of the trial court is affirmed.

FACTS AND PROCEDURAL HISTORY

The underlying facts of this case involve an incident that allegedly occurred on November 15, 2000. Plaintiff, Dora Smith, was working as a cashier at a convenience store called “E-Z Serve.” The convenience store was located in Marrero, Louisiana. Plaintiff claims that she was attacked and “punched” by a man named Timothy Morange who had come to the store to perform renovation work.
Plaintiff filed suit against Morange and a number of other defendants for injuries she allegedly sustained from the November 15, 2000 incident. Among the other defendants sued was a company called Professional Construction Management Services, Inc. (“PCMS”). Plaintiff alleged that Morange was [ ¡.employed as a subcontractor for PCMS at the time of the incident and that PCMS was vicariously liable under La.C.C. art 2820[1] for Morange’s tortious conduct.
Defendant, PCMS, filed a motion for summary judgment on the basis that no employer-employee relationship existed between PCMS and Morange at the time of the alleged incident and therefore PCMS could not be held vicariously liable. In support of its motion, the defendant attached the affidavits of Joseph S. Dem-brum, Jr., president of PCMS, and Roy Simon, vice president of PCMS. According to both affidavits, on the date of the alleged incident, PCMS contacted Morange and requested that he meet with the job superintendent for PCMS at a job site of another “E-Z Serve” convenience store located in Harvey, Louisiana. The sole purpose of the meeting was for Morange to provide an estimate of what contract price he would charge for performing cabinetry work at the job site in Harvey. (Morange had never performed any previous contract work for PCMS, but had been highly recommended by one of its employees.)
The affiants stated that Morange never arrived at the job site to submit an estimate and that PCMS was later advised that Morange had gone to the wrong convenience store where the incident took place. No further contact was ever had between PCMS and Morange and no money was paid to Morange for his services. The affiants claimed that even if Morange arrived at the proper location and provided an acceptable estimate, under the terms of the subcontractor agreement, he would have been considered an independent contractor and not an employee of PCMS.
*67 In opposition to the motion for summary judgment, plaintiff argued that PCMS was responsible for sending Morange to the wrong location and that had he arrived at the proper job site, Morange’s work would have been controlled and supervised by PCMS. Rather than acting as an independent contractor, plaintiff | ^maintained that Morange had been contacted to substitute for another PCMS employee who was out of town at the time and could not perform the work.
The trial court granted the motion for summary judgment dismissing PCMS, finding that no employer-employee relationship existed between PCMS and Mor-ange. The trial court further reasoned that even had such a relationship been established, Morange’s alleged wrongdoing fell outside the course and scope of his employment such that PCMS could not be held vicariously liable.
Plaintiff appeals the grant of partial summary judgment in favor of PCMS, arguing that the trial court erred in not finding that genuine issues of material fact exist with regard to allegations of an employer-employee relationship established between PCMS and Morange.[2]

DISCUSSION

“The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action. ... The procedure is favored and shall be construed to accomplish these ends.” La. C.C.P. art. 966(A)(2). Said Article further provides, in pertinent part:
B.... The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issues of material fact and that the mover is entitled to judgment as a matter of law.
C.... (2) The burden of proof remains with the movant. However, if the mov-ant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
[/‘Appellate courts review summary judgments de novo under the same criteria that govern the trial court’s determination of whether a summary judgment is appropriate.” Johnson v. Drury, 99-608, 99-1071 (La.App. 6 Cir. 6/2/00), 763 So.2d 103, 108.
Our review of this matter based on the foregoing laws governing summary judgment leads us to conclude that the trial court correctly determined that no genuine issues of material fact existed to preclude summary judgment. “Under Louisiana law, an employer is answerable for the damage occasioned by its servants in the exercise of the functions in which the servant is employed.” Timmons v. Silman, 99-3264 (La.5/16/00), 761 So.2d 507, 510. “Specifically, an employer is liable for its employee’s torts committed, if *68 at the time, the employee was acting in the course and scope of employment.” Id. at 510. [emphasis supplied].
The affidavits submitted by the defendant in support of its motion for summary judgment are uncontested with regard to an essential element of plaintiffs claim against PCMS: whether Morange was in the course and scope of employment. The affidavits demonstrate that on the day of the incident, Morange had failed to arrive at the proper job site and submit an estimate for the purposes of obtaining a subcontract job from PCMS. Clearly, no formative relationship was established between PCMS and Morange, be it an independent contract agreement or an employer-employee agreement.
The plaintiff does not dispute the fact that Morange failed to arrive at the proper job site. Instead, plaintiff attempts to demonstrate what might have been had Morange reached the proper location and performed the renovation work for PCMS. In particular, plaintiff contends that Mor-ange would have been under the direct control and supervision of PCMS and would therefore be considered an employee and not an independent contractor so La.C.C. art. 2320 would apply.
1 ¡¡Plaintiff s argument is speculation. Any prospective relationship that may have been created between PCMS and Morange is absolutely immaterial. To suggest a prospective relationship would not provide a sufficient reason for precluding summary judgment. Since no employer-employee relationship existed at the time Morange allegedly injured plaintiff then, a fortiori, Morange could not have been acting in the course and scope of employment.
The failure to demonstrate that Mor-ange was acting in the course and scope of employment for PCMS necessarily means that plaintiffs claim of vicarious liability against PCMS cannot be sustained. Accordingly, we find that the trial court did not err in finding that no employer-employee relationship existed between PCMS and Morange and that Morange was not within the course and scope of employment for PCMS at the time the tortuous conduct allegedly occurred.
For the foregoing reasons, we affirm the judgment of the district court. All costs herein are to be borne by appellant.

AFFIRMED.

. "Masters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed ...”

. We note that plaintiff's brief fails to comply with the applicable Rules of the Courts of Appeal in that it does not specifically contain any assignments of error, issues presented for appeal, and an argument with accurate citations to the record.