960 So.2d 542 (2006)
Gregory J. DEAR a/k/a Gregory Dear a/k/a Greg Dear, Appellant
v.
STATE of Mississippi, Appellee.
No. 2005-KA-02281-COA.
Court of Appeals of Mississippi.
December 12, 2006.
Rehearing Denied April 17, 2007.
*544 Dan W. Duggan, Brandon, attorney for appellant.
Office of the Attorney General by W. Glenn Watts, attorney for appellee.
Before KING, C.J., CHANDLER and ROBERTS, JJ.
ROBERTS, J., for the Court.

SUMMARY OF THE CASE
¶ 1. On August 31, 2004, a jury sitting before the Rankin County Circuit Court found Gregory Dear guilty of one count of sale of cocaine and one count of conspiracy to deliver cocaine. Convicted as a habitual offender under section 99-19-81 of the Mississippi Code, the circuit court sentenced Dear to a sixty year sentence on the sale charge and a twenty year sentence on the conspiracy charge. The circuit court set the sentences to run concurrently. Aggrieved, Dear appeals and seeks resolution of two issues, listed verbatim:
I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN NOT GRANTING THE MOTION FOR NEW TRIAL, OR IN THE ALTERNATIVE, JUDGMENT NOTWITHSTANDING THE VERDICT.
II. TRIAL COUNSEL WAS INEFFECTIVE IN PROPOSING JURY INSTRUCTION D-2.
Finding no error, we affirm.

FACTS
¶ 2. The federal government's Office of National Drug Control Policy designates certain areas of the country as High-Intensity Drug Trafficking Areas (HIDTA). Through the HIDTA program, the federal government provides resources to state and local agencies that focus on narcotics crimes. This case centers on events involving a HIDTA controlled narcotics purchase in the surrounding suburban areas of Jackson, Mississippi.
¶ 3. The events that set Dear's conviction into motion originated during the late part of 2002. It was then that Agent Barry Coward of the Mississippi Bureau of Investigation met Jason Warren and started buying cocaine from him. Agent Coward sought to purchase two ounces of crack cocaine from Warren. To that end, Agent Coward and Warren agreed to meet at a designated place on March 6, 2003.
¶ 4. Prior to their arranged meeting, Warren contacted Agent Coward and reported that he could not obtain crack cocaine. However, Warren told Agent Coward that he could obtain powdered cocaine. Agent Coward agreed to purchase the powdered cocaine. Warren and Agent Coward agreed to meet at a designated site. Prior to his meeting with Warren, Agent Coward met with the other local associated HIDTA officers and planned their operation.
¶ 5. Outfitted with transmitting and recording equipment, Agent Coward waited for Warren at their agreed meeting site. Warren, however, did not show up. The officers contacted a confidential informant and discovered that Warren had George Keyes and Greg Dear with him. Warren did not meet Agent Coward because Warren or someone with him recognized a local narcotics officer at the meeting site. Instead, Warren returned to his home.
¶ 6. The officers returned to the local HIDTA office and prepared to "shut *545 down" operations based on Warren's failure to appear at the meeting area. However, Warren called Agent Coward and agreed to meet at a different location  the Flying J truck stop in Flowood, Mississippi. Warren informed Agent Coward that two other people might accompany him.
¶ 7. Again, the various HIDTA associated officers took up strategic positions at the Flying J in anticipation of Agent Coward's drug purchase. Agent Coward again waited for Warren. Again, Warren never appeared. However, Warren did not want to take part in the exchange, so Warren sent others on his behalf. In particular, he sent his roommate, Greg Dear, and George Keyes. While Dear waited in the car, Keyes and Agent Coward conducted the exchange.
¶ 8. Agent Coward sat in his car in the parking lot and waited. Keyes walked up to Agent Coward's car, tapped on the window, and got into Agent Coward's car. Keyes gave Agent Coward two ounces of powdered cocaine. In exchange, Agent Coward gave Keyes $1,600. After the exchange, the other officers moved in to arrest Keyes.
¶ 9. Keyes spotted the officers as he left Agent Coward's car. Intent on evading arrest, Keyes broke and ran across the parking lot and the adjacent four lane highway. Keyes escaped down an embankment into a low-lying wooded area and successfully evaded capture that evening. According to Keyes's trial testimony, he followed a set of railroad tracks to Mendenhall, Mississippi, where his girlfriend lived. Authorities captured Keyes at his girlfriend's house the next day.
¶ 10. Greg Dear did not fare as well as Keyes in evading capture. At trial, a hotly disputed issue was whether Dear attempted to leave the scene. In the light most favorable to the State, Dear attempted to leave the parking lot, but was unsuccessful because officers used their patrol cars to block his escape.

PROCEDURAL HISTORY
¶ 11. On September 10, 2003, the Rankin County grand jury returned an indictment against Dear. That indictment charged Dear with one count of selling cocaine in violation of section 41-29-139 of the Mississippi Code and one count of conspiracy to sell cocaine in violation of section 97-1-1 of the Mississippi Code. On October 17, 2003, Dear filed a waiver of arraignment and pled not guilty to the charges against him. Accordingly, the matter proceeded to trial.
¶ 12. Dear's trial commenced on July 19, 2005. The State called six witnesses, including Agent Coward and George Keyes. After the State ceased its case-in-chief, Dear took the stand. The jury found Dear guilty of both sale of cocaine and conspiracy to sell cocaine. Posttrial, Dear filed unsuccessful motions for JNOV or, alternatively, for a new trial. Dear appeals the circuit court's denial of his posttrial motions.
I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN NOT GRANTING THE MOTION FOR NEW TRIAL, OR IN THE ALTERNATIVE, JUDGMENT NOTWITHSTANDING THE VERDICT.
¶ 13. In his first issue, Dear challenges both the weight and sufficiency of the evidence against him. In appealing the circuit court's decision to overrule his motion for JNOV, Dear challenges the sufficiency of the evidence. Pratt v. State, 870 So.2d 1241(¶ 13) (Miss.Ct.App.2004). In reviewing the sufficiency of the evidence, we consider all the evidence in the light most favorable to the State. Id. at (¶ 4). We accept as true any credible evidence *546 consistent with Dear's guilt. Id. We give the State the benefit of all favorable inferences that may be reasonably drawn from the evidence. Id. We presume that the jury resolved questions regarding the weight and credibility of the evidence. Id. We may only reverse when, with respect to at least one of the elements of the offense, the evidence is such that no reasonable and fair-minded jury could find Dear guilty. Id.
¶ 14. In appealing the circuit court's decision to overrule his motion for a new trial, Dear challenges the weight of the evidence. Sullivan v. State, 749 So.2d 983(¶ 25) (Miss.1999). As we consider the weight of the evidence, we accept evidence that supports the verdict as true and we will reverse only if the circuit court abused its discretion in failing to grant a new trial. Id. at (¶ 20). The State gets the benefit of all favorable inferences reasonably drawn from the evidence. Id. We will reverse if the verdict is so contrary to the overwhelming weight of the evidence to the degree that an unconscionable injustice would result if we did not disturb the circuit court's decision. Id. What is more, we will not re-weigh the facts so as to substitute our interpretation of witness credibility for the jury's. Id.
¶ 15. It is important to note that the jury found Dear guilty of both selling cocaine and conspiring to sell cocaine. It appears that Dear challenges the weight and sufficiency of both convictions, though he does not frame his arguments to the specific elements of either conviction. Instead, Dear merely states that "[t]he facts demonstrate how the evidence is insufficient to support conviction in the case." Notwithstanding Dear's nonspecific assertions, we assume he uses the same argument incident to either conviction. In any event, Dear's argument under this issue is based on four points: (1) he had a plausible explanation for his being at the Flying J with Keyes, (2) no evidence indicated that he took part in the exchange at the Flying J, (3) there was conflicting evidence as to whether he attempted to evade capture, and (4) because Keyes testified as a convicted felon, his testimony was not credible.

A. Conspiracy
¶ 16. If two or more people conspire to commit a crime, each of them is guilty of conspiracy, a felony. Miss. Code Ann. § 97-1-1(a)(h) (Rev.2000). To prove a prima facie case of conspiracy, the State bears the burden of proving, beyond a reasonable doubt, that the conspirators recognized that they entered into a common plan and knowingly intended to further the plan's common purpose. Franklin v. State, 676 So.2d 287, 288 (Miss.1996). Circumstantial evidence is acceptable proof as to whether the alleged participants formed a conspiracy. Id. Likewise, circumstantial evidence is acceptable proof as to whether a defendant was a member of a conspiracy. Id.
¶ 17. To convict a defendant for conspiracy, the State must prove that the alleged conspirators formed a "union of the minds." Id. As for the necessary conspiracy agreement, it need not be a formal or express agreement. Id. Rather, a conspiracy agreement may be inferred from the circumstances by "declarations, acts, and conduct of the alleged conspirators." Id.
¶ 18. Keyes testified that, after the failed attempt to meet at the initial agreed-upon site, he, Warren, and Dear went back to Warren and Dear's house. Keyes also testified that, after Warren spoke to Agent Coward and agreed to meet at the Flying J, Warren and Dear discussed the upcoming meeting with *547 Dear. In particular, Keyes testified as follows:
Q. What were [Warren and Dear] talking about?
A. Like they were going to make a sale.
Q. A sale of what?
A. Cocaine.
¶ 19. Keyes's testimony indicates that Warren and Dear formed a union of the minds intent on selling cocaine to Agent Coward. What is more, Dear's conduct amounts to circumstantial evidence of an agreement with Warren to sell cocaine. Keyes testified that Dear drove to the Flying J and that he rode with Dear. Additionally, Keyes testified that he did not know that the Flying J was the agreed-upon site until Dear made him aware it. Finally, Keyes testified that Dear took the cocaine from Warren, Dear put the cocaine in the car they drove to the Flying J, Dear took the cocaine out from under the passenger seat when they arrived at the Flying J, and Dear gave him the cocaine to deliver to Agent Coward in exchange for money.
¶ 20. Considering Keyes testimony, we do not find that the circuit court erred when it overruled Dear's motion for JNOV. Keyes's testimony, viewed in the light most favorable to the verdict, certainly indicates that a reasonable and fair-minded jury could find Dear guilty of conspiracy to sell cocaine. For the same reasoning, we do not find that the circuit court abused its discretion when it overruled Dear's motion for new trial. As such, we affirm.

B. Sale
¶ 21. Dear challenges the weight and sufficiency of the evidence that he sold cocaine. "Except as authorized by this article, it is unlawful for any person knowingly or intentionally . . . [t]o sell, barter, transfer, manufacture, distribute, dispense or possess with intent to sell, barter, transfer, manufacture, distribute or dispense, a controlled substance. . . ." Miss.Code Ann. § 41-29-139(a)(1) (Rev.2005).
¶ 22. "[T]he State is not required to prove that the seller of a controlled substance personally placed the substance in the hands of the buyer or even knew the buyer prior to the sale." Sullivan v. State, 749 So.2d 983(¶ 27) (Miss.1999). Section 41-29-139(a)(1) requires that the State prove only that Dear knowingly or intentionally transferred a controlled substance. Id. "[A] person who consents to the commission of a crime and knowingly does an act which aids, assists or encourages that crime, or does any act which leads to its commission, is tried as a principal." Id.
¶ 23. Even minimal involvement in an illegal drug transaction is sufficient to support a criminal conviction for drug trafficking. Flowers v. State, 726 So.2d 185, 187(¶ 11) (Miss.Ct.App.1998). Merely aiding in the consummation of a drug transaction can result in guilt as a principal. Id. The State is not required to prove that a defendant had control over the substance or that a defendant profited from a transaction. Id. It is enough to show that a defendant aided and abetted another in making the sale. Id.
¶ 24. Keyes testified that Dear took cocaine from Warren, placed it in a car, rode with it to the Flying J, and gave it to Keyes to deliver to Agent Coward. True enough, no testimony indicated that Keyes conducted the actual transaction with Agent Coward. Even so, involvement as a courier is sufficient conduct to support a conviction for sale of cocaine. Edwards v. State, 878 So.2d 1106, 1109(¶ 11) (Miss. Ct.App.2004). Accordingly, a reasonable jury could certainly find Dear guilty of *548 selling cocaine. As such, the circuit court did not err when it overruled Dear's motion for JNOV. Nor did the circuit court abuse its discretion when it overruled Dear's motion for a new trial. We therefore affirm.
II. TRIAL COUNSEL WAS INEFFECTIVE IN PROPOSING JURY INSTRUCTION D-2.
¶ 25. Dear takes issue with jury instruction D-2. D-2 stated, "The Court instructs the Jury that the testimony of a co-defendant may be considered as evidence, but the testimony of the co-defendant should be considered with caution." Dear claims his trial counsel was ineffective for submitting instruction D-2 because, according to Dear, precedent dictates that the instruction should have instructed the jury to consider Keyes's testimony "with great care, caution, and suspicion." See Finley v. State, 725 So.2d 226 (¶¶ 17-18) (Miss.1998); Derden v. State, 522 So.2d 752, 754 (Miss.1988).
¶ 26. When reviewing claims of ineffective assistance of counsel, this Court utilizes the two-prong standard set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). One who asserts ineffective assistance of counsel must demonstrate (1) that his counsel's performance was deficient and (2) that his counsel's deficient performance caused him prejudice. Schmitt v. State, 560 So.2d 148, 154 (Miss.1990). Such a claimant faces a presumption that his counsel was competent, that his counsel rendered reasonably professional assistance, and that decisions made during trial are strategic. Id. This is a rebuttable presumption, however, and may be accomplished by a demonstration of a reasonable probability that, but for his attorney's unprofessional errors, the results of the proceeding would have been different. Id.
¶ 27. In the context of Dear's assertion, Dear must demonstrate that his attorney was deficient in having the jury instructed that it must consider Keyes's testimony "with caution" instead of "great care, caution, and suspicion." Then, Dear must demonstrate that, but for the discrepancy in the language of the tendered instruction, as opposed to the alternative instruction, the jury would not have returned a guilty verdict against him.
¶ 28. First, we find that Dear cannot satisfy the first Strickland prong. Dear's attorney, by failing to include the words "great," "care," and "suspicion" with the word "caution" did not render deficient legal representation. Though the instruction did not contain the surplus cumulative language as found in the suggested instruction, the substance of the instruction was still present. We are not prepared to hold that a matter of semantic variation overcomes the presumption of competency and professionalism when the substance of a suggested instruction is present in the given instruction.
¶ 29. Assuming for the sake of argument that Dear overcame the first Strickland prong, which we do not hold, Dear would not be able to overcome the second Strickland prong. There is no indication that the jury would return a verdict of "not guilty" had the instruction contained the cumulative language Dear suggests. The jury was instructed that it was to weigh Keyes's testimony "with caution." In singling out Keyes's testimony and instructing the jury to weigh it with caution, the jury understood that it was to remain suspicious of Keyes's testimony and to weigh it with care. Accordingly, Dear fully fails to present a prima facie demonstration of ineffective assistance of counsel.
¶ 30. To clarify, we do not hold that it is an error of law to advance an instruction *549 that the testimony of the co-defendant should be considered with "great care, caution, and suspicion." We merely hold that Dear's counsel did not render inefficient assistance by omitting "great care" and "suspicion." As such, we find this issue meritless.
¶ 31. THE JUDGMENT OF THE RANKIN COUNTY CIRCUIT COURT OF CONVICTION OF COUNT I, SALE OF COCAINE, AS A NONVIOLENT HABITUAL OFFENDER AND AS A SUBSEQUENT DRUG OFFENDER AND SENTENCE OF SIXTY YEARS AND COUNT II OF CONSPIRACY TO SELL COCAINE, AS A SUBSEQUENT DRUG OFFENDER AND SENTENCE OF TWENTY YEARS TO RUN CONCURRENTLY TO SENTENCE IN COUNT I, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO RANKIN COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.