JUDE G. GRAVOIS, Judge.
12Plaintiff appeals a summary judgment in favor of defendant. On appeal, plaintiff argues that the trial court erred in grant *1127 ing judgment in favor of defendant because the trial court impermissibly made credibility determinations of the witnesses. Plaintiff also argues that the trial court erred in finding that there were no genuine issues of material fact. For the following reasons, we affirm the trial court’s judgment dismissing plaintiffs case.

FACTS

Plaintiff, Carrie Hebert, alleged in her petition for damages that on October 20, 2008, she was a visitor at the West Jefferson Medical Center when she was forcefully hit by a door that closed too fast, catching her sandal underneath, causing her to fall to the ground and sustain injuries.
Following discovery, including the depositions of plaintiff and expert witnesses, defendant, Jefferson Parish Hospital District # 1, d/b/a West Jefferson Medical Center (“WJMC”), filed a motion for summary judgment, arguing that plaintiff would not be able to meet her burdens of proof under LSA-R.S. 9:2800 |sand LSA-C.C. art. 2317 regarding the requisite notice, the existence of a defect in the door, and causation. Plaintiff opposed the motion. Following a hearing, the trial court granted summary judgment in favor of defendant, finding that plaintiff could not bear her burden of proof that defendant had actual or constructive notice of a defect in the door.

ANALYSIS

Appellate courts review a district court’s grant of summary judgment de novo, viewing the record and all reasonable inferences that may be drawn from it in the light most favorable to the non-movant. Bourgeois v. Boomtown, LLC of Delaware, 10-553 (La.App. 5 Cir. 2/15/11), 62 So.3d 166, 169. A motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966.
A material fact is one that potentially insures or prevents recovery, affects a litigant’s ultimate success, or determines the outcome of the lawsuit. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La.7/5/94), 639 So.2d 730, 751. An issue is a genuine issue if it is such that reasonable persons could disagree; if only one conclusion could be reached by reasonable persons, summary judgment is appropriate as there is no need for trial on that issue. Id.
Summary judgment procedure is intended to make a just and speedy determination of every action. LSA-C.C.P. art. 966. It is favored and the procedure shall be construed to achieve this intention. Id. Under LSA-C.C.P. art. 966, the initial burden is on the mover to show that no genuine issue of material fact exists. If the moving party points out that there is an absence of factual |4support for one or more elements essential to the adverse party’s claim, action or defense, the non-moving party then must produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. LSA-C.C.P. art. 966(C)(2). If the non-moving party fails to do so, there is no genuine issue of material fact, and summary judgment should be granted. LSA-C.C.P. arts. 966 and 967; Paternostro v. Wells Fargo Home Mortg., Inc., 09-469 (La.App. 5 Cir. 12/8/09), 30 So.3d 45.
Plaintiff’s tort claim against the hospital, a public entity, may be pursued under LSA-C.C. art. 2317 and LSA-R.S. 9:2800 strict liability, as well as in negligence pursuant to LSA-C.C. art. 2315. When addressing an action under either theory, the legal analysis is the same. The plaintiff bears the burden of showing that: (1) the public entity had custody of the thing *1128 that caused the plaintiffs injuries or damages; (2) the thing was defective because it had a condition that created an unreasonable risk of harm; (3) the public entity had actual or constructive knowledge of the defect and did not take corrective measures within a reasonable time; and (4) the defect in the thing was a cause-in-fact of the plaintiffs injuries. To recover, a plaintiff bears the burden of proving all of these inquiries in the affirmative and failure on any one is fatal to the case. Graff v. Jefferson Parish Hosp. Serv. Dist. No. 2, 09-598 (La.App. 5 Cir. 3/23/10), 39 So.3d 685, 690-91, writ denied, 2010-0907 (La.6/18/10), 38 So.3d 331.
In this case, the trial court found that plaintiff would be unable to bear her burden of proof that the hospital had actual or constructive notice of a defect in the door.[1] Constructive notice as it relates to actions against a public entity is defined as the existence of facts which infer actual knowledge. Constructive notice can be found if the conditions which caused the injury existed for such a period of time |5that those responsible, by the exercise of ordinary care and diligence, must have known of their existence in general and could have guarded the public from injury. Id., citing Jeansonne v. South Central Bell Telephone Co., 08-568 (La.App. 5 Cir. 1/13/09), 8 So.3d 613.
In support of its motion for summary judgment on this issue, WJMC presented the affidavit of Dennis Lomarco, the maintenance supervisor at WJMC, who attested that prior to this incident, there had been no reported problems with the door or injuries attributable to the door. WJMC also presented plaintiffs deposition testimony to the effect that on the day of the accident, no employee of the hospital told her that the door was closing too fast, or that other people had been injured coming through that door, or that the door had previously been reported to the maintenance department.
Plaintiff supported her opposition to the summary judgment with another portion of her deposition, wherein she claimed that after she fell, she overheard a “lady in the back” say that she “knew something was going to happen with that door.” Plaintiff admitted that the comment was not made directly to her. She also supported her opposition with the deposition testimony of four hospital employees who did or had worked near the door and used it with varying degrees of frequency, as well as the deposition testimony of an employee of Parish Anesthesia who also worked in that area. Although each of these witnesses had conflicting and inconsistent testimony regarding whom it was that helped plaintiff off the floor, their testimony was consistent that none of them recalled any problems or accidents with the door. Also, importantly, none of the employee deponents heard any person make the comment reported by plaintiff or a similar one.
At the hearing on the motion, the trial court found that plaintiffs claim that she overheard an unidentified person make a statement about the door did not | (¡possess the requisite evidentiary value to create an issue of material fact sufficient to defeat WJMC’s motion for summary judgment. Now on appeal, plaintiff characterizes this ruling as a credibility call, impermissible on summary judgment. We disagree.
Even taking as truthful plaintiffs claim that she overheard this statement, the de-clarant is unknown and unidentified. Other witnesses working in the immediate area deny making the statement or hearing anyone else make it. The statement, therefore, cannot be attributed to the hos *1129 pital and does not create a genuine issue of material fact regarding the hospital’s actual or constructive notice about the door sufficient to overcome defendant’s strong evidentiary support of its motion. Further, plaintiff has offered no support for her assertion in brief that this statement is a hearsay exception under LSA-C.E. art. 801(3) because there is no evidence that this statement, accepting only for argument’s sake that it was in fact heard by plaintiff, came from a hospital employee.
After a de novo review of the record, we find no error in the trial court’s ruling granting summary judgment in favor of defendant, finding that defendant bore its burden of proof on summary judgment that it had no actual or constructive notice of a defect in the door, and that plaintiff failed to meet her burden in opposition to the motion.[2] Plaintiffs assignments of error are without merit.

CONCLUSION

For the reasons stated above, the trial court’s judgment in favor of defendant is affirmed.

AFFIRMED

. Defendants also denied that the door contained a defect. The trial court did not reach this issue.

. It is also noted that defendant also supported its motion for summary judgment with evidence to the effect that the door in question was not defective.