STEPHEN J. WINDHORST, Judge.
| ^Appellant, Frederick Helwig, seeks review of the January 21, 2015 judgment granting appellees’, Charles Bernard, Superior Plumbing & Heating, Inc., and H.P.B., Inc., motions for summary judgment dismissing his claims.[1] For the reasons that follow, we affirm.
Facts and Procedural History
Appellant filed this petition for damages contending he suffered injuries on November 2, 2012, at approximately 10:30 P.M., when he fell into a hole created by appel-lees during a construction project in the area between his business, Buddy’s Po-boys, and 1607-17 Veterans Blvd. (“the property”), which is adjacent to his business.[2] Charles Bernard,'the owner of the property, entered into a contract with H.P.B., Inc. for construction of In & Out Car Wash that is now located on the property. Superior Plumbing was a plumbing sub-contractor for the project. Construction on the property began in March of 2012, and was ongoing at the time of the accident.
^Appellant contended that appellees created a dangerous condition by placing construction items and materials, including a dumpster and scaffolding, as well as the hole he fell into, on the property. Appellant contended appellees blocked the safest pathway to access the rear door of his business by placing stacked scaffolding against the side of his business and a large dumpster on the property. The placement of construction materials enticed or forced him to walk between the stacked scaffolding and the dumpster, causing him to fall into a deep hole that had a large pipe running through it. Appellant also argued appellees failed to light, block, mark, or otherwise warn or prevent him from falling into the hole. Appellant contended he suffered injuries as a result of the unreasonably dangerous condition.
Appellees filed separate motions for summary judgment arguing that they were not liable because appellant admitted he was aware of several holes on the property before his fall, but not the one he fell in. Appellees further contended that appellant was a trespasser on the property, traversed the property late at night without a flashlight, and was aware of the overall general condition of the property. Appel-lees argued that appellant could not meet his burden of proving that the condition of the property created an unreasonably dangerous condition.
Discussion
Appellate courts review a judgment granting a motion for summary judgment *1171 de novo using the same criteria governing the trial court’s consideration of whether summary judgment is appropriate. Duncan v. U.S.A.A. Ins. Co., 06-363 (La.11/29/06), 960 So.2d 544, 547. A motion for summary judgment should be granted “if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and |5that mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966(B)(2). The party moving for summary judgment bears the burden of proof. La. C.C.P. art. 966(C)(2). However, if the movant will not bear the burden of proof at trial, the mov-ant’s burden on a motion for summary judgment does not require him to negate all essential elements of the adverse party’s claim, but rather to point out to the court that there is an absence of factual support for one ór more elements essential to the claim. Id. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden at trial, there is no genuine issue of material fact and summary judgment should be granted. Id.
“Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.” La. C.C. art. 2315(A). To establish liability for damages in a negligence case, the plaintiff is required to prove: (1) that the defendant had a duty to conform his conduct to a specific standard; (2) that the defendant’s conduct failed to conform to the appropriate standard; (3) that the defendant’s substandard conduct was a cause-in-faet of the plaintiffs injuries; (4) that the defendant’s substandard conduct, was a legal cause of the plaintiffs injuries; and (5) proof of actual damages. Detraz v. Lee, 05-1263 (La.01/17/07), 950 So.2d 557, 565.
C.C. art. 2317.1 provides:
The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he, knew or, in the exercise of reasonable, care, should have known of the ruin, vice,, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care.
Thus, to prove liability for an unreasonably dangerous defect, a plaintiff has the burden to show that the thing was in the custodian’s custody or control, it had a | ¿vice or defect that presented an unreasonable risk of. harm, the defendant knew or should have known of the unreasonable risk of harm, and the damage was caused by the defendant. C.C. art. 2317.1; Babino v. Jefferson Transit, 12-468 (La.App. 5 Cir. 02/21/13), 110 So.3d 1123, 1126.
In determining whether a condition is unreasonably dangerous, ’courts use a four-part risk-utility test. Dauzat v. Curnest Guillot Logging Inc., 08-0528 (La.12/02/08), 995 So.2d 1184, 1186 (per curiam). This test requires consideration of: (1) the utility of the complained-of condition; (2) the likelihood and magnitude of harm, which includes the obviousness and apparehtness of the condition; (3) the cost of preventing the harm; and (4) the nature of the plaintiffs activities in terms of its social utility, or whether it is dangerous by nature. Bufkin v. Felipe’s La., LLC, 14-0288 (La.10/15/14), 171 So.3d 851, 856; Dauzat, 995 So.2d at 1186-1187.
The second factor of the risk-utility test focuses on whether the allegedly dangerous or defectives condition was obvious and apparent. A defendant gener *1172 ally does not have a duty to protect against that which is obvious and apparent. Buf-kin, 171 So.3d at 856. For an alleged hazard, to be considered obvious and apparent^, the hazard should be one that is open and obvious to everyone who may potentially encounter it. Id.; Broussard v. State ex rel. Office of State Bldg., 12-1238 (La.04/05/13), 113 So.3d 175, 184; Caserta v. Wal-Mart Stores., Inc., 12-0853 (La.06/22/12), 90 So.3d 1042, 1043 (per curiam); Dauzat, 995 So.2d at 1186 (per curiam); Hutchinson v. Knights of Columbus, 03-1533 (La.02/20/04), 866 So.2d 228, 234; Pitre v. Louisiana Tech Univ., 95-1466 (La.05/10/96), 673 So.2d 585, 591. If the facts of a particular case show that the complained-of condition should be obvious to all, the condition may not be unreasonably dangerous, and the defendant may owe no duty to the plaintiff.' Dauzat, 995 So.2d at 1186. The |7degree to which a danger may be observed by a potential victim is one factor in the determination of whether the condition is unreasonably dangerous. Id. A landowner is not liable for an injury which results from a condition which should have been observed by the individual in the exercise of reasonable care, or which was as obvious to a visitor as it was to the landowner. Id.; Hutchinson, 866 So.2d at 234; Pitre, 673 So.2d at 591.
In this appeal, appellant raises several assignments of error contending the trial court erred in granting the motions for summary judgment. Appellant contends the trial court erred in finding 1) no genuine issues of material fact exist; 2) the comparative fault of the appellees cannot be assessed in this case; 3) the open and obvious doctrine applied to the facts of this case, and 4) the open and obvious doctrine is .a question of law, as opposed to a mixed question of fact and law.
In support of their respective motions for summary judgment, appellees submitted evidence, including appellant’s deposition, that the condition of the construction site, including the scaffolding, dumpster, and several holes, was open and obvious. In his deposition, appellant testified that at the time , of the incident, it was 10:30 P.M., he was aware the street light was not working .and the area was not illuminated, he did not use a flashlight, and he did not have permission from appellees to be on the property. Appellant testified he was also aware construction had been ongoing for six months, the project was 50% completed, scaffolding was stacked against the left side of his building, and a large dumpster was on the property. Appellant further admitted that while he was not aware of the hole he fell in, he was aware that the property had several holes on it. Appellant also testified that he did not inform any of the appellees about the alleged unsafe condition of the property, including the construction material, dumpster, and holes |son the property. In opposition to appellees’ motions for summary judgment, appellant failed to produce any evidence to rebut appellees’ evidence.
Upon de novo review, we find appellant cannot sustain his burden -of. proving that the condition of the construction site, including the scaffolding, dumpster, and several holes, was unreasonably dangerous. It is undisputed that the alleged hazard was open and obvious to everyone, including appellant, and appellant admitted that he' was aware of the alleged unsafe condition of the property at the time of the accident,
. Conclusion
. For the reasons stated above, we affirm. Costs are assessed against appellant.
AFFIRMED

. Summary judgment was also rendered in favor of defendants, Chuckaluck, Inc., d/b/a In & Out Express Car Wash, Lionel J. Bernard, and 1607-17 Veterans Boulevard, L.L.C., dismissing appellant’s claims. Appellant is not appealing the judgment as it pertains to these defendants.

. There is no evidence in the record to indicate how far from the property line is the wall of plaintiffs business, or whether defendants' equipment and materials were on plaintiff's property.