WINDHORST, J.
| r Appellant, Cordell Hull, seeks review of the trial court’s judgment granting ap-pellee, Jefferson Parish Hospital District No. 1 d/b/a West Jefferson Medical Center’s (“WJMC”), motion for summary judgment and dismissing appellant’s claims against WJMC with prejudice. For the reasons that follow, we affirm.
Facts and Procedural History
On February 3, 2011, appellant was receiving physical therapy treatment at WJMC for injuries sustained from an automobile accident in 2010. While under the supervision of his physical therapist, appellant was instructed to get on a hand cycle after it was adjusted by the physical therapist. The hand cycle collapsed and appellant sustained injuries.
On January 12, 2012, appellant filed a petition for damages against WJMC contending that the physical therapist did not properly adjust the hand cycle and as a result, the hand cycle collapsed and he *841 sustained injuries. Appellant claimed that WJMC was liable for its own negligence pursuant to La. C.C. art. 2315 and was strictly liable pursuant to La. C.C. art. 2317 for the hand cycle in its custody and control.
On September 8, 2014, WJMC filed its first motion for summary judgment arguing (1) that there was an issue concerning the alleged date of the incident, if it occurred at all, and (2) that appellant could not show that WJMC had actual or constructive notice of the defect or hazard in the equipment and failed to act in a reasonable amount of time to remedy the situation pursuant to La. R.S. 9:2800. Appellant filed an opposition stating that the medical documents showed that the accident occurred on the date alleged and that he was not alleging a defect in the equipment. Appellant argued that WJMC’s employee, the physical therapist, was negligent in the adjustment of the hand cycle and WJMC was vicariously liable |2under the theory of respondeat superior for the physical therapist’s actions or inactions. The trial court denied WJMC’s motion on January 30, 2015.
On April 8, 2015, WJMC filed a second motion for summary judgment arguing (1) that there was an issue concerning the alleged date of the accident, if it occurred at all, (2) that appellant could not show that WJMC had actual or constructive notice of the defect or hazard in the equipment and failed to act in a reasonable amount of time to.remedy the situation pursuant to La. R.S. 9:2800, and (3) that the physical therapist, Terese Joseph, was an employee of RehabCare Group Management Services, Inc. (“RehabCare”), not WJMC. The motion was set for hearing but the hearing was continued without date.
On June 1, 2015, appellant filed a first supplemental and amending petition naming RehabCare as an additional defendant. Appellant contended that RehabCare, who was an independent contractor providing physical therapy services in a space it leased from WJMC, was the employer of Ms. Joseph. Appellant claimed that Rehab-Care was liable for its own negligence pursuant to La. C.C. art. 2315 and was strictly liable pursuant to La. C.C. art. 2317 for the hand cycle in its custody and control.
On August 6,2015, WJMC filed a motion to re-urge its two previous motions for summary judgment. Appellant filed an opposition restating his previous arguments and additionally arguing that this was the first time WJMC alleged that Ms. Joseph was not its employee and provided the contract between WJMC and RehabCare. Appellant argued that the contract indicated that WJMC exercised sufficient control over RehabCare for it to be considered an employee of WJMC. Additionally, on its website WJMC promoted its rehabilitation facility as being owned and operated by WJMC and did not state that the rehabilitation facility was staffed by a third party. The trial court granted WJMC’s motion for IjjSummary judgment dismissing appellant’s claims against WJMC with prejudice. This appeal followed.
Discussion
Appellate courts review the granting of a summary judgment de novo using the same criteria governing the trial court’s consideration of whether summary judgment is appropriate. Duncan v. U.S.A.A. Ins. Co., 06-363 (La. 11/29/06), 950 So.2d 544, 547; Rayfield v. Millet Motel, 15-496 (La.App. 5 Cir. 01/27/16), 185 So.3d 183, 185; Bailey v. Exxon Mobil Corp., 15-225 (La.App. 5 Cir. 12/23/15), 184 So.3d 191, 198. A motion for summary judgment should be granted “if the pleadings, depositions, answers to interrogatories, and admissions, together with the *842 affidavits; if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as. to material fact, and that mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966 B(2).[1] The party moving for summary judgment bears the burden of proof. La. C.C.P. art. 966 C(2). However, if the mov-ant will not bear the burden of proof at trial, the movant’s burden on a motion for summary judgment does not require him to negate all essential elements of the adverse party’s claim, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the claim. Id. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden at trial, there .is no genuine issue of material fact and summary judgment should be granted. Id.
To establish liability for damages in a negligence case, the plaintiff is required to prove: (1) that the defendant had a duty to conform his conduct to a specific standard; (2) that the defendant’s conduct failed to conform to the appropriate standard; (3) that the defendant’s substandard conduct was a cause-in-] 4fact of the plaintiffs’ injuries; (4) that the defendant’s substandard conduct was a legal cause of the plaintiffs injuries; and (5) proof of actual damages. La. C.C. art. 2315; Helwig v. H.P.B. Inc., 15-389 (La.App. 5 Cir. 12/23/15), 182 So.3d 1169, 1171 (citing Detraz v, Lee, 05-1263 (La. 01/17/07), 950 So.2d 557, 565).
La. C.C. art. 2317 provides:
We are responsbile, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody.
La. R.S. 9:2800 Limitation of liability for public bodies provides, in part:
[[Image here]]
C. Except as provided for in Subsections A and B of this Section, no person shall have a cause of action based solely upon liability imposed under Civil Code Article 2317 against a public entity for damages caused- by the condition of things within its care and custody unless the public entity had actual or constructive notice of the particular vice or defect which caused the damage prior to the occurrence, and the public entity has had a reasonable opportunity to remedy the defect and has failed to do so.
D. Constructive notice shall mean the existence of facts which infer actual knowledge.
[[Image here]]
G (1) “Public entity” means and includes the state and any óf its branches, departments, offices, agencies, boards, commissions, instrumentalities, officers, officials, employees, and political subdivisions and the departments, offices, agencies, boards, commissions, instru-mentalities, officers, officials, and employees of such political subdivisions.
WJMC is a political subdivision of the State of Louisiana, and is therefore a public entity pursuant to La. R.S. 9:2800 G(l). To prove liability against WJMC for negligence pursuant to La. C.C. art. 2315, and also pursuant to La. R.S. 9:2800 and La. C.C. art. 2317 for strict liability, the *843 analysis is the same. Hebert v. Jefferson Parish Hosp. Dist. # 1, 11-943 (La.App, 5 Cir. 03/27/12), 91 So.3d 1126, 1127. The plaintiff has the burden of showing that: (1) the public entity had custody of the thing that caused the plaintiffs injuries or damages; (2) the thing was defective because it had a condition that created an unreasonable risk of harm; R(3) the public entity had actual or constructive knowledge of the defect and did not take corrective measures within a reasonable time; and (4) the defect in the thing was a cause-in-fact of the plaintiff injuries. Id. at 1127-1128. The failure to prove any of these inquiries is fatal to the plaintiffs case. Id. at 1128.
In his sole assignment of error, appellant contends the trial court erred in granting WJMC motion for summary judgment and dismissing appellant’s claims against WJMC. Appellant contends that genuine issues of material fact exist as to whether or not: (1) appellant suffered an accident while attending physical therapy on February 3, 2011; (2) Ms. Joseph, was an employee of WJMC, RehabCare, or both; (3) the hand cycle was defective pursuant to La. R.S. 9:2800.6, the Merchant Liability Statute[2]; (4) Ms. Joseph failed to properly secure and/or adjust the hand cycle pursuant La. C.C. art. 2316; and (5) WJMC’s counsel intentionally failed to provide information concerning Ms. Joseph’s employer for more than three years following the filing of this suit. Appellant also argues that WJMC could not be granted summary judgment because it failed to assert an affirmative defense that another party could be held liable for plaintiffs damages.
La. B.S. 9:2800 — Actual or constructive notice
In support of its motion, WJMC submitted the appellant’s deposition wherein appellant acknowledged that he had no evidence to show that WJMC had actual or constructive notice of the defect in the hand cycle and failed to take corrective action within a reasonable-amount of time to' satisfy the temporal' requirement óf La. R.S. 9:2800. The burden then shifted to appellant to establish that a genuine issue of material fact existed. Appellant failed to submit any evidence to sustain his burden. Notably, appellant repeatedly informed the trial court that he was not alleging a defect in the hand cycle, even though he alleged liability pursuant to La. C.C. art, 2317 in his petition. Therefore, WJMC was entitled to summary judgment as to this cause of action.’

Employer-employee or independent contractor status of physical therapist

WJMC argued that it could not be liable for the negligent actions of Ms. Joseph because it was not Ms. Joseph’s employer. WJMC submitted the affidavit of Carol Reppel, WJMC’s risk manager, and the contract between WJMC and RehabCare to establish that Ms, Joseph was an employee of RehabCare, not WJMC. Ms. Reppel’s affidavit provided that Ms. Joseph was not an employee of WJMC and that RehabCare was an independent contractor to WJMC, who provided physical therapy services as set forth in the contract. The contract provided, in pertinent part: (1) that RehabCare managed and provided the staffing for WJMC’s rehabilitation program; (2) that RehabCare was responsible for the payment of wages, employee benefits, workers’ compensation insurance, liability insurance, other compensation for its employees, and all fees of independent contractors engaged by Re- *844 habCare to provide services to WJMC; (3) that RehabCare personnel who provided services to WJMC “will not be deemed employees” of WJMC; (4) that RehabCare was responsible for providing orientation regarding the rehabilitation program to directors of WJMC’s departments and training for WJMC’s nursing and other clinical staff assigned to the program; (5) that RehabCare personnel were subject to the policies and procedures of WJMC to the extent that they did not conflict with the status of RehabCare personnel as “non-employees” of WJMC and did not conflict with the policies and procedures of RehabCare; (6) specific payment terms due to RehabCare; and (7) the term of the contract. Thus, pursuant to La. C.C. art. 2320, WJMC argued it was not vicariously liable under the theory of respondeat superior for the negligent acts of Ms. Joseph. The burden then shifted to appellant to establish that a genuine issue of material fact existed.
17Appellant argued that WJMC intentionally withheld the contract for more than three years following the institution of this suit. He claimed that because WJMC provided the building, leased space, and equipment for the rehabilitation facility and provided for certain guidelines for staffing the facility, WJMC sufficiently controlled RehabCare such that Ms. Joseph was an employee of WJMC, not an independent contractor to WJMC. Appellant argued that the provisions in the contract supported this contention. Appellant also contended that on its website WJMC promoted the rehabilitation facility as being owned and operated by WJMC without stating that it was staffed by a third party.[3]
An employer is vicariously liable for the damage caused by their employees in the exercise of the functions in which they are employed. La. C.C. art. 2320. Thus, for an employer to be liable for the actions of an employee, the plaintiff must show that an employer-employee relationship existed and that the employee’s negligent act was committed within the scope and course of their employment with their employer. Smith v. Morange, 03-150 (La. App. 5 Cir. 09/16/03), 858 So.2d 65, 67-68; Timmons v. Silman, 99-3264 (La. 05/16/00), 761 So.2d 507, 510. In determining whether an individual is an employee or an independent contractor, the following factors are relevant in determining if a principal and independent contractor relationship exists: (1) there is a valid contract between the parties; (2) the work being done is of an independent nature such that the contractor may employ non-exclusive means in accomplishing it; (3) the contract calls for specific piecework as a unit to be done according to the independent contractor’s own methods, without being subject to the control and direction of the principal, except as to the result of the services rendered; (4) there is a specific price for the overall ^undertaking agreed upon; and (5) the duration of the work is for a specific time and not subject to termination or discontinuance at the will of either side without a corresponding liability. Hickman v. Southern Transport Co., 262 La. 102, 262 So.2d 385, 390-391 (1972); *845 Sims v. Cefolia, 04-343 (La.App. 5 Cir. 11/30/04), 890 So.2d 626, 630.
Based on the uneontradicted affidavit of Ms. Reppel and the contract between WJMC and RehabCare, RehabCare is an independent contractor to, and not an employee of, WJMC.[4] WJMC does not exercise sufficient control over RehabCare, and RehabCare is allowed to employ non-exclusive means to accomplish the contract. The contract provides for a specific price for work performed, and is not subject to termination at the will of either side as it provides for specific circumstances that the contract may be terminated by either party without the parties being in breach of the contract. Furthermore, this Court does not find persuasive appellant’s argument that WJMC’s self-promotion of the rehabilitation facility on its website establishes that RehabCare is an employee of WJMC such that WJMC is hable for the negligent acts of Ms. Joseph. WJMC provided sufficient evidence to establish that it was not vicariously liable for the negligent acts of Ms. Joseph and appellant failed to sustain his burden of proof.
Conclusion
For the reasons stated above, we affirm the trial court’s judgment granting WJMC’s motion for summary judgment and dismissing appellant’s claims against WJMC with prejudice.
AFFIRMED

. La. C.C.P. art. 966 was amended by 2015 Act 422, § 2, effective January 1, 2016. However, die amendment of La. C.C.P. art. 966, "shall not apply to any motion for summary judgment pending adjudication or appeal on the effective date.” Because this matter was pending adjudication before the effective date of the amendment, the prior version of La. C.C.P. art. 966 was the law in effect when WJMC’s motions for summary judgment were filed.

. WJMC did not assert, and the trial court-did not find, that La. R.S. 9:2800.6 applied to this case. Accordingly, we find this argument does not have merit.

. On appeal, appellant also argued that the doctrine of contra non valentem applied because WJMC intentionally did not turn over the contract between WJMC and RehabCare for more than" three years after this suit was filed. Appellant contended that he would not have discovered the contract because it was never affirmatively pleaded as a defense but was known to appellee’s counsel from beginning of the proceeding. Appellant, however, did not plead this argument in the trial court. Further, the doctrine of contra non valentem, a doctrine used to prevent the running of prescription, is not applicable in this case and does not defeat the motion for summary judgment filed by WJMC.

. We also note that in the first supplemental and amending petition appellant specifically alleged that RehabCare was an independent contractor to WJMC and the employer of Ms. Joseph.