| iBOWES, Judge.
Plaintiff, David W. Millet, Sr., appeals from a judgment of the trial court rendered in favor of defendant, Bettie J. Loyd Crump, granting an exception of res judicata and dismissing plaintiffs claim. For the following reasons we affirm the judgment of the trial court.
On January 12, 1995, Millet filed a petition for preliminary and permanent injunctive relief, alleging that Ms. Crump had failed to comply with terms of a purchase and sales agreement, in that she violated non-competition and non-solicitation clauses, and that she took confidential trade secret information from him (consisting of names, addresses, phone numbers and expiration dates of insureds) without authorization, in violation |2of the Uniform Trade Secrets Act (La. R.S. 51:1431, et seq). The trial court granted the injunctive relief sought and Ms. Crump appealed. This Court, on December 30, 1996, *306 rendered judgment in favor of Ms. Crump, dismissing Millet’s claims with prejudice.
During the pendency of the above appeal, on October 15, 1996, Millet instituted the present action now before us by the filing of a petition for damages. In this petition, Millet alleged that defendant, Crump, breached the purchase and sales agreement and that she unlawfully removed information concerning insured persons including names, addresses, types of policy issued and expiration dates, from his (Millet’s) files; and that these acts were “fraudulent, misrepresenta-tive, deceptive, devoid of general business honesty and at all material times hereto (sic) a violation of the Louisiana Uniform Trade Secrets Act.” On November 12, 1996, Ms. Crump answered this suit and filed a peremptory exception of res judicata.
On March 20,1997, Millet amended his suit to allege a violation of the Unfair Trade Practices Act alleging Mrs. Crump solicited clients via a letter containing misleading and deceptive information.
Following a hearing, the trial court rendered judgment in favor of defendant, Crump, granting the exception of res judica-ta and dismissing this suit with prejudice. This appeal by Millet followed.

JgLAW AND ANALYSIS

Importantly to this case we note that La. R.S. 13:4231[1] provides in pertinent part that:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
******
(2) If a judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
[Emphasis supplied].
La. C.C.P. art. 425(A) states:
A party shall assert all causes of action arising out of the transaction or occurrence that is the subject matter of this litigation.
[Emphasis supplied].
In this appeal, plaintiff-appellant, Millet, alleges that the two suits present separate causes of action and, therefore, the adjudication of his first claim does not bar consideration of his second cause of action.
In Fine v. Regional Transit Authority, 95-2603 (La.App. 4 Cir. 6/26/96), 676 So.2d 1134, 1136 and Wood v. May, 95-0589 (La. App. 4 [4Cir. 6/7/95), 658 So.2d 8, 9 rev’d on other grounds, 95-2224 (La.11/27/95), 663 So.2d 739, the Fourth Circuit held:
... although the plaintiffs claims may constitute separate causes of action, pursuant to La. C.C.P. art. 425 and La. R.S. 13:4231, the plaintiff must assert all claims that arise out of the same transaction or occurrence in one action, and that any additional claim would be barred by the principles of res judicata.
We agree with this statement of the law.
In plaintiffs first suit, he filed for injunctive relief, seeking to enjoin defendant from violating the terms of alleged non-competition/non-solicitation clauses which were present in a purchase and sales agreement between himself and the defendant; and to enjoin the defendant from violating provisions of the Unfair Trade Secrets Act. Plaintiff further sought the return of information/records allegedly taken by defendant from his office.
In plaintiffs second suit, he sought damages for defendant’s alleged breach of that same purchase and sales agreement, damages for alleged violations of the Unfair Trade Secrets Act and damages for loss of business as a result of defendant’s (mis)ap-propriation of his business information.
The trial judge here reviewed both of these pleadings and found that the current proceeding and the prior proceeding were *307 based upon the same transaction and occurrence. The court granted the defendant’s exception of res judicata, holding that all causes of action existing at the time of the final | ¿judgment in the prior proceeding were extinguished by that final judgment and that the judgment in the first proceeding barred any subsequent suits (including the instant litigation) on those causes of action. We see no error in her ruling.
Plaintiff alleges that his second lawsuit is based, in part, on additional transactions or occurrences not present in the first suit, namely the fact that Mrs. Crump allegedly solicited clients by sending a misleading letter. This circumstance existed in the first suit as well, as evidenced by appellant’s action in filing that letter into the record of the first suit for consideration by the trial court.
Plaintiff next argues that, because this second lawsuit was pending at the time of the issuance of this Court’s opinion (and denial of a rehearing) in the first suit, the first judgment was not final for purposes of res judicata.
In the case of Wood v. May, supra, an almost identical situation was presented to the court. Mr. Wood filed suit on July 31, 1991, a judgment was rendered and appealed, and the eourt of appeal rendered its opinion on December 15, 1994. However, on February 7,1994, prior to the decision of the eourt of appeal, plaintiff filed an amending petition seeking penalties and attorney fees.
The trial court held that the claim for attorney’s fees and costs was not barred. However, the court of appeal reversed this decision holding that the plaintiff could not amend his petition after final judgment in the trial court, Uand also that plaintiff could not bring a separate suit because the additional claims were barred by res judicata. We agree with that interpretation of the law.
Accordingly, we find no merit to plaintiffs appeal.
For the above reasons, the judgment of the trial court in favor of defendant, Bettie J. Lloyd Crump, granting her exception of res judicata and dismissing plaintiff’s petition with prejudice, is affirmed. All costs are assessed against plaintiff, David W. Millet, Sr.
AFFIRMED.

. R.S. 13:4231 was amended to read in its present form by La. Acts 1990, No. 521, § 5, effective January 1, 1991 and applies to all actions filed on or after that date.