HANS J. LILJEBERG, Judge.
17PIainfiffs-Appeflants, Geneee Baker and Joyce J. Johnson,[1] appeal the trial court’s judgments which denied their voluntary motions to. dismiss with prejudice, and instead granted motions for. summary judgment and dismissed their claims with prejudice against defendants-appellees, Exxon Mobil Corporation, Exxon Mobil Oil Corporation, Humble Incorporated, Cono-coPhillips Company, Chevron U.S.A., Inc., Texaco, Inc., Union Oil Company of California, American Oil Company, BP Exploration & Production, Inc,, Marathon Oil Company, Shell Oil Company, Shell Offshore, Inc., and SWEPI LP.[2] For the following reasons, we affirm the trial court’s judgments.

\%FACTS AND PROCEDURAL HISTORY

On March 16, 2009, seventy plaintiffs filed a Petition for Wrongful Death and Survival Action seeking to recover damages resulting from their deceased velar fives’ exposure to naturally occurring radioactive material (“NORM”), and other hazardous, toxic, and carcinogenic radioactive materials, which accumulated on the inside of pipes used in oil production; The original petition alleged both survival and wrongful death causes of 'action.[3] On September 1, 2010, plaintiffs filed a Second Supplemental and Amending Petition for Wrongful Death, which struck all causes of action for property damages, survival claims and medical monitoring set forth in the original petition.
In Ddcember 2013, defendants served discovery requests on plaintiffs, which included requests for admission asking plaintiffs to admit they had no evidence to prove a causal link between the decedents’ alleged exposure to NORM and them deaths. Plaintiffs did not respond to these requests and defendants filed a motion to compel. According to the record, the trial court did not hold a formal hearing on the motion to compel, but held a telephone status conference during which plaintiffs’ counsel agreed to provide responses to the requests for admission .by January 10, 2014,
Plaintiffs failed to provide the responses as agreed and the trial court issued an order on June 18, 2014, requiring plaintiffs to respond to the requests for admission by June 20, 2014. The trial court also ordered defendants to file summary judgment motions with respect to those plaintiffs “whose wrongful death Rclaims are not related, to their respective decedent’s alleged-exposure to NORM” by June 26, 2014. .
*196 Defendants contend that plaintiffs did not provide the discovery responses and therefore, they filed summary judgment motions as ordered by the trial court. In these motions, defendants argued that by failing to submit responses to the requests for admission, plaintiffs admitted they had no evidence to satisfy their burden to prove their relatives’ deaths were caused,, by exposure to NORM or other hazardous substances.
The trial court set the summary judgment motions for hearing on September 4, 2014. Plaintiffs did not file opposition briefs. Rather, on the day prior to the hearing, plaintiffs filed motions to dismiss their claims with prejudice, and argued-these dismissals rendered defendants’ summary judgment motions moot. At the hearing, defendants objected to plaintiffs’ motions to dismiss because the proposed orders of dismissal contained language reserving plaintiffs’ rights to pursue their claims in the litigation pending in Civil District Court in Orleans Parish, entitled “Warren Lester, et al v. Exxon Mobil Corporation, et al,” No. 2002-19657. For example, Ms. Baker’s proposed order stated:
IT IS FURTHER ORDERED THAT plaintiff, Genece Baker, on behalf of the decedent, Joseph Thomas Baker, reserves her rights to any and all claims and any and all damages in the matter entitled Warren Lester, et al v. Exxon Mobil Corporation, et al, CDC Case No. 2002-19657, Division N, Section 8.[4]
Following oral argument, the trial court denied plaintiffs’ motions to dismiss and granted defendants’ motions for summary judgment.
On September 29, 2014, the trial court issued Reasons for Judgment which explained why it denied plaintiffs’ motions to dismiss:
110Louisiana C.C.P. art. 1671 provides, “A judgment dismissing an action without prejudice shall be rendered upon application of the plaintiff and upon his payment of all costs, if the application is made prior to any appearance of record by the defendant. If the application is made after such appearance, the court may refuse to grant the judgment of dismissal except with prejudice.” Article 1673 states that “[a] judgment of dismissal with prejudice shall have the effect of a final judgment of absolute dismissal after trial. A judgment of dismissal without prejudice shall not constitute a bar to another suit on the same cause of action.” In Sims v. American Ins. Co., 101 So.3d 1 (La.2012), the Louisiana Supreme Court stated that the only relevance of a dismissal with prejudice, as opposed to without prejudice, is that a dismissal with prejudice has- res judicata effect on the parties to the suit dismissed with prejudice. Id. at 7.
[[Image here]]
This Court agrees with Plaintiff that it is without discretion to refuse to grant a true dismissal with prejudice. However, the Court is of the view that the condition placed in the motion results in the motion not truly being a motion to dismiss with prejudice as it potentially disavows the legal effect of a dismissal with prejudice. Consequently, Plaintiffs’counsel has failed to truly move for a dismissal with prejudice. The purported Motion to Dismiss with Prejudice is denied.
On October 15, 2014 and October 21, 2014, the trial court signed written judgments granting defendants’ summary *197 judgment motions and dismissing plaintiffs’• claims against them with prejudice. This appeal followed.

LAW AND DISCUSSION

In their assignments of error, plaintiffs argue the trial court erred by entertaining defendants’ summary judgment motions when plaintiffs had moved to dismiss their claims with prejudice. Plaintiffs further contend the trial court erred when it refused to continue the hearing on defendants’ summary judgment motions, after denying their motions to dismiss, in order to allow plaintiffs time to file opposition briefs.[5] Finally, plaintiffs argue the evidence defendants, presented Inin support of their summary judgment motions was inadequate to sustain the judgment of dismissal with prejudice entered by the trial court.
Plaintiffs first contend the trial court did not have discretion to deny their motions to dismiss with prejudice. To support their position, plaintiffs cite to the First Circuit Court of Appeal’s decision in Vardaman v. Baker Center, Inc., 96-0831 (La.App. 1 Cir. 2/14/97), 689 So.2d 667, which held a trial court has no authority or discretion to refuse to grant a plaintiffs motion to dismiss with prejudice:
Because a plaintiff has the right to institute an action against a defendant in the first instance, such a plaintiff has the corresponding right to dismiss the action with prejudice if he or she so chooses. Therefore, we conclude the trial court had no authority or discretion to refuse to grant a judgment of dismissal with prejudice upon application by the plaintiffs for a dismissal of the action against Velsicol with prejudice.
Id. at 670.
La. C.C.P. art. 1673 provides a dismissal with prejudice has the same effect as a final judgment of dismissal after trial. Therefore, a true dismissal with prejudice results in the application of the doctrine of res judicata. See Sims v. Am. Ins. Co., 12-0204 (La.10/16/12), 101 So.3d 1, 7. Pursuant to La.. R.S. 13:4231(2), a judgment of dismissal with prejudice extinguishes all causes of action existing at the time of the final judgment arising from the same transaction or occurrence that is the subject matter of the litigation and bars subsequent litigation on those causes of action. See Millet v. Crump, 97-562 (La.App. 5 Cir. 11/25/97), 704 So.2d 305, 306-07, writ denied, 97-3207 (La.2/20/98), 709 So.2d 782. On the other hand, La. C.C.P. art. 1673 provides á dismissal without prejudice does not bar subsequent litigation on the existing causes of action.
A trial judge is granted wide discretion to decide whether to grant a plaintiffs voluntary motion to dismiss without prejudice after the defendant has 112appeared, and his determination will not be set aside absent a clear abuse -of that discretion. Martinez v. Dow Chem. Co., 97-289 (La.App. 5 Cir. 9/30/97), 700 So.2d 1096. Therefore, the issue before this Court is whether the trial court correctly determined that plaintiffs’ motion to dismiss did not seek a true dismissal with prejudice, thereby allowing the trial court to retain discretion to deny their motions.
*198 Plaintiffs’ motions to dismiss sought to reserve their rights to pursue related existing claims in the Lester litigation. As explained above, the doctrine of res judi-cata extinguishes all existing causes of action arising out of the same transaction or occurrence. Because plaintiffs sought to reserve their fights to pursue related litigation, which would be equivalent to a dismissal without prejudice, we find the trial court did not err by finding that plaintiffs were potentially attempting to avoid the complete res judicata effect'of a dismissal with prejudice. Therefore, the trial court retained discretion to deny plaintiffs’ motions to dismiss and did not abuse its broad discretion by doing so.
This Court does not opine on the actual effect of the dismissals with prejudice on plaintiffs’ pending claims in the Lester litigation or any other proceedings. The full facts and circumstances which led plaintiffs to file multiple actions are not before this Court. Rather, the purpose of addressing these issues is merely to establish that a party’s request to voluntarily dismiss a matter with prejudice must be unqualified and allow for the complete application of the doctrine of res judicata in orden to eliminate a court’s .discretion and authority to deny a motion to dismiss. A proposed order of dismissal which seeks to reserve- rights and potentially limit the application of the doctrine of res judicata is not a request for dismissal with prejudice, but rather a -request to dismiss the reserved causes of action without prejudice.
ItaBased on the foregoing, we find the trial court did not commit any errors or abuse its discretion' by denying plaintiffs’ motions to dismiss which contained reservations of rights to pursue pending and related litigation.
Plaintiffs next contend the, trial court ignored codified law and jurisprudence governing discovery disputes when it granted defendants’ summary judgment motions and dismissed them claims with prejudice.
Appellate courts review the granting of a summary judgment de novo using the same criteria governing the trial court’s consideration of whether summary judgment is appropriate. Duncan v. U.S.A.A. Ins. Co., 06-363 (La.11/29/06), 950 So.2d 544, 547; Prince v. K-Mart Corp., 01-1151 (La.App. 5 Cir. 3/26/02), 815 So.2d 245, 248. A motion- for summary judgment should be granted “if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment,- show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966(B)(2). The summary judgment procedure is favored, and shall be construed to secure the just, speedy, and inexpensive determination of most actions. La. C.C.P. art. 966(A)(2); Nuccio v. Robert, 99-1327 (La.App. 5 Cir. 4/25/00), 761 So.2d 84, 87, writ denied, 00-1453 (La.6/30/00), 766 So.2d 544.
The party moving for summary judgment bears the burden of' proof. La. C.C.P. art. 966(C)(2). However, if the movant will not bear the burden of proof at trial, the movant’s burden on a motion for summary judgment does not require him to negate all essential elements of the adverse party’s claim, but rather to point out to the court the absence of factual support for one or mofe elements essential to the adverse party’s claim. Id.; Patrick v. Iberia Bank, 05-783 (La.App. 5 Cir. 3/14/06), 926 So.2d 632, 634. If the adverse party fails to produce factual support I usufficient to establish that he will be able to satisfy his evidentiary burden at trial, there is no genuine issue of material fact *199 and summary judgment should be granted. La. C.C.P. art. 966(C)(2).
It is well-settled a plaintiff opposing summary judgment cannot rest on the mere allegations of his pleadings, but must set forth specific facts showing a genuine issue for trial exists. La. C.C.P. art. 967(B); Darr v. Marine Electronics Solutions, Inc., 11-908 (La.App. 5 Cir. 5/22/12), 96 So.3d 527, 533, writ denied, 12-1442 (La.10/8/12), 98 So.3d 860. Conelusory allegations and unsupported speculation will not support the finding of a genuine issue of material fact. Trench v. Winn-Dixie Montgomery LLC, 14-152 (La.App. 5 Cir. 9/24/14), 150 So.3d 472, 476.
In order to determine whether a plaintiff should prevail on a tort action, Louisiana courts employ a duty-risk analysis. Long v. State ex rel. Dept. of Transp. & Dev., 04-0485 (La.6/29/05), 916 So.2d 87, 101. One element of the duty-risk analysis requires the plaintiff to provide proof that the defendant’s substandard conduct was a cause-in-fact of the plaintiffs injuries. Id.; Pitre v. Louisiana Tech Univ., 95-1466 (La.5/10/96), 673 So.2d 585, 590, cert. denied, 519 U.S. 1007, 117 S.Ct. 509, 136 L.Ed.2d 399 (1996).
Plaintiffs, portray the trial court’s dismissal of their claims as a sanction for failing to respond to defendants’ discovery requests, and contend dismissal is not a proper sanction unless the trial court first granted a motion to compel and placed the party on notice that the failure to comply with a discovery order will result in dismissal. Contrary to plaintiffs’ characterization, the trial court did not grant defendants’ summary judgment motions • as a sanction for plaintiffs’ failure to respond to discovery.. In its judgments, the trial court stated the basis for its decision was plaintiffs’ inability to prove the decedents’ exposure to NORM, or l^any other hazardous or toxic substance, was a cause of their deaths. In addition, though the trial court did not hold a formal hearing on defendants’ motion to compel,, plaintiffs’ counsel agreed to provide responses to the discovery requests: following a telephone conference with the trial court, When plaintiffs did not provide the discovery responses as agreed, the trial court entered an order allowing plaintiffs until, June 20, 2014 to respond to the requests for admission.
Furthermore, La. C.C.P. art. 1467 provides that a request for-admission'is deemed admitted by operation of law unless the party to whom the request is directed provides a response within" 15 days after service or a longer time allowed by the court. The trial court in the present matter allowed plaintiffs an additional six months after the original 15 days expired to respond to the requests for admission.
"When plaintiffs did'not submit their responses and objections by the June 20, 2014 deadline, they made the following admissions: 1) Their decedents’ deaths were not due to exposure to NORM or any other hazardous or toxic materials; 2) Plaintiffs did not have any documents evidencing that exposure to NORM or any other 'hazardous or toxic materials was attributable to any of the- defendants; 3) No treating physician told plaintiffs that their decedents had any physical - injury caused by exposure to NORM; 4) Plaintiffs cannot identify the amount, dose or quantity of NORM or any other hazardous or toxic materials to which their decedents were exposed; 5) No physician told plaintiffs or decedents that the decedents had an increased risk of contracting cancer as a result of exposure to NORM or any other hazardous or toxic materials; and 6) No physician told plaintiffs or decedents that the decedents had an increased risk-of contracting a non-cancer disease as a re- *200 suit of exposure to NORM or any other hazardous or toxic materials.
|! (¡Plaintiffs argue the trial court should have granted a continuance to allow them time to file an opposition to the summary-judgment motions. However, plaintiffs did not request a continuance, and they provide no explanation regarding the evidence or arguments they would present to establish the existence of a genuine issue of material fact regarding the cause of the decedents’ deaths. In their summary judgment motions, defendants satisfied their burden to establish that plaintiffs lacked evidence to prove their decedents’ deaths were caused by exposure to NORM or any other hazardous or toxic substances attributable to — defendants. The burden shifted to plaintiffs to set forth specific facts showing a genuine issue for trial exists, but plaintiffs failed to provide any opposition on this issue.
Accordingly, based upon our de novo review of the record, we find no error in the trial court’s judgments which granted defendants’ summary judgment motions and dismissed plaintiffs’ claims against them with prejudice.

DECREE

Based on the foregoing, we affirm the trial court’s judgments denying plaintiffs’ motions to dismiss, as well as the judgments granting defendants’ motions for summary judgment.

AFFIRMED.

. Plaintiff-Appellants’ original appellate brief mistakenly named Harold Bowie as the appellant. Defendant-Appellees have no objection to treating the original brief as filed on behalf of the correct appellants, Geneee Baker and Joyce J, Johnson. Furthermore, despite the fact the brief referred to the incorrect appellant, appeals are favored by Louisiana courts and should be dismissed only for substantial cause. See Glasgow v. PAR Minerals Corp., 10-2011 (La.5/10/11), 70 So.3d 765, 767, n. 3; Kirkeby-Natus Corp. v. Campbell, 250 La. 868, 199 So.2d 904, 905 (1967).

. Appellees, Shell Oil Company, Shell Offshore, Inc. and SWEPI LP, filed and obtained a summary judgment dismissal only with respect to the claims filed against them by appellant, Joyce Johnson.

.In their appellate brief, plaintiffs explain that a mass tort case was originally filed in December 2002, in Civil District Court in Orleans Parish, entitled "Warren Lester, et al v. Exxon Mobil Corporation, et al," No. 2002-19657. They further contend that after years of litigation, the defendant oil companies argued wrongful death causes of action were not included in the Lester litigation. Plaintiffs contend the Lester plaintiffs disagreed with this position, but filed the present matter, which, included the wrongful death causes of action.

, The motion to dismiss with prejudice filed by plaintiff, Joyce Johnson, contained identical language reserving her rights in the Lester litigation.

. The Court will not consider plaintiffs’ assignments of error regarding the denial of requests to continue the summary judgment motions because plaintiffs did not file motions to continue and plaintiffs’ counsel did not move for a continuance of defendants’ summary judgment motions during the September 4, 2014 hearing. The long-standing rule of law is appellate courts will not consider issues raised for the first time on appeal, which the party did not plead in the court below and the trial court did not have the opportunity to address. First Bank & Trust v. Bayou Land & Marine Contrs., 12-295 (La.App. 5 Cir. 10/30/12), 103 So.3d 1148, 1152.