McClendon, j.
|2The plaintiff, Dr. Ralph Slaughter, appeals a trial court judgment that granted the defendant’s exceptions raising the objections of res judicata and no cause of action and dismissed Dr. Slaughter’s suit with prejudice. For the reasons that follow, we affirm.
FACTS AND PROCEDURAL HISTORY
On March 27, 2009, the defendant, the Board of Supervisors of Southern University and Agricultural and Mechanical College (“the Board”), held a public meeting wherein it declined to extend Dr. Ralph Slaughter’s two-year employment contract as President of the Southern University System beyond its expiration date of June 30, 2009. Dr. Slaughter’s employment contract had been executed in conjunction with a settlement of a prior federal lawsuit between Dr. Slaughter and the Board (along with several other defendants).
In the prior federal action, Dr. Slaughter alleged that he was fired in retaliation for reporting workplace sexual harassment and providing testimony to a federal grand jury.[1] In August 2007, Dr. Slaughter and the Board settled that case. In exchange for Dr. Slaughter’s release of all claims against the Board, he received a two-year employment contract from July 1, 2007, through June 30, 2009. The contract provided: “Contingent upon a favorable performance review and affirmative act of the Board of Supervisors on or before April 1, 2009, this contract may be extended.”
On April 2, 2009, after the Board’s March 27, 2009 vote declining to extend Dr. Slaughter’s two-year employment contract beyond June 30, 2009, Dr. Slaughter filed suit against the Board, captioned Slaughter v. The Board of Supervisors, No. 577,011, 19th Judicial District Court, Parish of East Baton Rouge. Therein, Dr. Slaughter alleged that the Board violated the Open Meetings Law, and he sought “the issuance of a preliminary and thereafter permanent injunction, ^precluding defendant Board from taking any action in accordance with the ‘vote’ taken on March 27, 2009, and, further declaring and/or rendering the action taken on March 27, 2009, *167 void.” Dr. Slaughter also asserted that he was entitled to proceed via summary- process. In response, on April 30, 2009, the Board filed an exception raising the objection of no cause of action. Thereafter, Dr. Slaughter filed a motion and order to dismiss his petition against the Board with prejudice. On May 26, 2009, the trial court signed the order dismissing Dr. Slaughter’s action with prejudice.
On April 3, 2009, while the previously filed state action (577,011) was pending, Dr. Slaughter filed the instant suit against the Board, captioned Slaughter v. Board of Supervisors, No. 577,092, 19th Judicial District Court, Parish of East Baton Rouge. In the petition, Dr. Slaughter alleged that after the dismissal of the original federal litigation, the Board, through its members, violated LSA-R.S. 23:967 by undertaking a course of action of reprisal designed to punish him and force him from his position as President of the Southern University System. Dr. Slaughter alleged he was entitled to recover damages under LSA-R.S. 23:967, and he also sought recovery for intentional infliction of emotional distress and abuse of rights.[2]
Over the next several years, the parties filed multiple amendments to the pleadings and various exceptions, including the Board’s exceptions raising the objections of res judicata and of no cause of action.[3] The Board contended that Dr. Slaughter’s dismissal of his action in suit number 577,-011 with prejudice and the settlement of the original federal lawsuit both precluded the current action under the doctrine of res judicata. Moreover, the Board asserted that Dr. | ¿Slaughter’s claims should be dismissed based on an exception of no cause of action due to the settlement of the prior federal lawsuit.
Dr. Slaughter opposed the exceptions, contending that the dismissal of his action in suit number 577,011 did' not preclude the current suit' (577,092). He asserted that the two suits utilized different modes of procedure such that they could not be cumulated. See LSA-C.C.P. art. 462(2). Dr. Slaughter averred that the former suit involved violations of the Open Meetings Law that had to proceed via summary process under LSA-R.S. 42:27[4] whereas the current suit had to proceed via ordinary process with entitlement to a trial by jury. Dr. Slaughter' also asserted that the current suit was not precluded by the federal settlement because the current suit involved the Board’s reprisal after the settlement had been entered. Further, Dr. *168 Slaughter maintained that he did state a causfe of- action for reprisal for acts that were- not' and could not have been settled in the original federal litigation.
Following a hearing, the trial court signed a judgment on August 21, 2014, sustaining the Board’s exceptions raising thé objections of no cause of action and res judicata' and dismissing Dr. Slaughter’s claims with prejudice.[5]
Dr; Slaughter has appealed, asserting that the trial court erred in concluding that his dismissal with prejudice of suit number 577,011 and the settlement of the original federal litigation both barred the current suit. Dr. Slaughter also contends |fithat the trial court erred in concluding that he has failed to state a cause of action for reprisal.
DISCUSSION
Dr. Slaughter asserts that the trial court erred in. concluding that his voluntary dismissal, with prejudice of the action in suit number 577,011 precluded the current suit under the doctrine of res judica-ta. In granting -the, exception of res judi-cata, the trial court,, in whose division both suits were pending at the time the exceptions were considered, indicated that Dr. Slaughter “did bring a suit in 2009 [577,-011] concerning those actions.... In that suit, the plaintiff could have and should have asserted any and all claims arising and leading up to the 2009 actions.”[6] Dr. Slaughter maintains that the trial court erred in making this determination' insofar as the two suits could not properly be consolidated, and because the first filed action involved alleged violations of the Open Meetings Law whereas the second involved alleged tort claims for reprisal.
The doctrine of res judicata is set forth in LSA-R.S. 13:4231, as amended in 1990, and provides:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is-the subject matter of the litigation, are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment. -
*169 |fiThe .Louisiana Supreme Court addressed the changes to the res judicata statute following the 1990 amendment:.
As the Official Comments note, the 1990 amendment to La. R.S. 13:4231 “makes a substantial change in the law,” as under, the prior statute, “a second cause of action would be barred by the defense- of res judicata only when the plaintiff seeks the same relief based on the same cause of action or grounds.” Under the revised statute, “[t]he central inquiry is ... whether the second action asserts a cause of action which arises out of the transaction or occurrence which was the subject matter of the first action.” “This serves the purpose of judicial economy and fairness by requiring the’ plaintiff to seek all relief and to assert all rights which arise out of the same transaction or occurrence.”
Oliver v. Orleans Parish School Board, 14-0329, 14-0330 (La.10/31/14), 156 So.3d 596, 611-12 (footnotes omitted). The court further noted that the amended statute was “in line with La. C.C.P. art. 425, which also now requires that k party ‘shall assert all causes of action arising out of the transaction or occurrence' that is the subject matter of the litigation.5” Oliver, 156 So.3d at 612. “The Comments to Article 425 explain that Article 425 was amended at the same time as the res judicata statute and ‘expands the scope’ of the Article to reflect those changes made to the res judicata statute and to put ‘the parties on notice that all causes of action arising out of the transaction or occurrence that is the subject matter of the litigation must be raised.’” Id.
The court further noted that “La. C.C.P. art. 891 was also amended to include the same ‘transaction or occurrence’ language, requiring that a petition ‘shall contain a short, clear, and concise statement of all causes of action arising out of, and of the same material facts of, the transaction or occurrence that is the subject matter of the litigation.’ ” Id.
The Louisiana Supreme Court has recognized that LSA-R.S. 13:4231. requires that the following five elements be satisfied for a finding that a second action is precluded by res judicata: (1) the judgment in the first action is valid; (2) the judgment in the first action is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first action; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the |7first action. Burguieres v. Pollingue, 02-1385 (La.2/25/03), 843 So.2d 1049, 1053. Since the 1990 amendment to the res judicata statute, the “chief inquiry” is “whether the second action asserts a cause of action which arises out of the transaction or occurrence that was the subject matter of the first action.” Id. A judgment of dismissal with prejudice shall have the effect of a final judgment of absolute dismissal -after trial. LSA-C.C.P. art. 1673.
The parties do not' dispute that the first four requirements for res-judicata are met. At issue is the fifth requirement, i.e., whether the cause or causes of action,asserted in the current action, arose out of the transaction or occurrence that is the subject matter of the first filed suit.
Dr. Slaughter maintains that the causes of action in the two suits are different insofar as in the first suit (577,011) he sought only enforcement of the Open Meetings Laws whereas in the second suit (577,092) he sought redress for the Board’s retaliation. However, we note that both cases were filed in response to the Board’s non-renewal of Dr. Slaughter’s contract, and all pertinent facts alleged in both suits were known at the time Dr. Slaughter filed *170 his first suit, wherein he sought declaratory and/or injunctive relief. Also, many of the allegations contained in Dr. Slaughter’s first suit were restated in Dr. Slaughter’s second suit. As such, we conclude that both suits arise out of the same transaction or occurrence, i.e., the Board’s non-renewal of Dr. Slaughter’s contract. Res judicata bars the parties from relitigating matters that were or could have been raised in the first action, and a judgment rendered in the first action while a second action arising out of the same transaction or occurrence is pending precludes the .claims in the second action. See Classen v, Hofmann, 06-560 (La.App. 5 Cir. 11/28/06), 947 So.2d 76, 81.
Even so, LSA-R.S. 13:4232,-enti-tled “Exceptions to the general rule of res judicata,” provides in pertinent part:
A. A judgment does not bar another action by the plaintiff:
(1) When exceptional circumstances justify relief from the res judicata effect of the judgment;
h(2) When the judgment dismissed the first action without prejudice; or,
(3) When the judgment reserved the right of the plaintiff to bring another action.
Dr. Slaughter, on his own motion, dismissed his first suit with prejudice and did not reserve any rights to maintain his other action in the judgment. As such, the exceptions recognized by LSA-R.S. 13:4232 A(2) and (3) do not apply. Dr, Slaughter, however, seemingly argues that exceptional circumstances as recognized in LSA-R.S. 13:4232 A(l) justify relief from the res judicata effect of the judgment in the first action. Dr. Slaughter maintains that the second suit, as recognized by the trial court, involves tort claims that must proceed via an ordinary action with entitlement to trial by jury whereas the first suit was required to proceed via summary process. Dr. Slaughter avers that the trial court, noting the different modes of procedure, rejected an attempt by the Board to consolidate the two suits.[7] Under these circumstances, Dr. Slaughter asserts that res judicata should not be applied to preclude the claims he raised in the second suit.
We note that the res judicata statute does- not specifically exempt a second suit that seeks relief employing a different type of proceeding than the first suit. Further, our courts have barred later suits arising out of the same transaction or occurrence as a previous suit even when the two suits employed different types of procedures. For instance, in Millet v. Crump, 97-562 (La.App. 5 Cir. 11/25/97), 704 So.2d 305, writ denied, 97-3207 (La.2/20/98), 709 So.2d 782, the Fifth Circuit affirmed the trial court’s judgment granting an exception of res judicata when the first action sought injunctive relief seeking to enjoin a defendant from violating the terms of a non-competition/non-solicitation agreement and the second suit, filed while the first was on appeal, sought damages for breach of the same agreement. Following our review, we conclude that there are no exceptional circumstances |9that would bar application of the res judicata doctrine. There was nothing that precluded Dr. *171 Slaughter from asserting all of his causes of action in suit number 577,011. As such, we find no error in the trial court’s conclusion that Dr. Slaughter’s dismissal with prejudice of his action in 577,011, precluded the current suit.[8]
CONCLUSION
For the foregoing reasons, we affirm the trial court’s August 21, 2014 judgment. Costs of this appeal are assessed to appellant, Dr. Ralph Slaughter.
AFFIRMED.
J. THERIOT concurs.

. Dr. Slaughter raised claims under a number of state and federal laws, including Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1985, LSA-R.S. 23:967, and Louisiana tort law. Dr. Slaughter also filed charges with the Equal Employment Opportunity Commission and the Louisiana Commission of Human Rights.

. Dr. Slaughter also filed a federal lawsuit against several named state actors, alleging causes of action under 42 U.S.C. §§ 1983 and 1985, Title IX, LSA-R.S. 23:967, and Louisiana tort law.

. On November 16, 2009, the trial court granted the Board’s exception raising the objection of no cause of action and allowed Dr. Slaughter twenty days to amend his petition to state a cause of action. On December 7, 2009, Dr. Slaughter filed a “Supplemental, Amending, and Restated Petition.” Oh May 12, 2014, the trial court signed another judgment that sustained the Board's exceptions raising the objections of res judicata and no cause of action and allowed Dr. Slaughter twenty-one days to amend his petition. On June 12, 2014, Dr. Slaughter filed a "Second Supplemental, Amending, and Restated Petition:”

.Louisiana Revised Statutes 42:27, under the chapter entitled “Open Meetings Law,” provides:
A. Enforcement proceedings shall be instituted in the district court for the parish in which the meeting took place or will take place.
B. Enforcement proceedings shall be tried by preference and in a summary manner. Any appellate court to which the proceeding is brought shall place it on its preferential docket, shall hear it without delay, and shall render a decision as soon as practicable.

. The judgment also reserved the Board’s 'right to bring'a motion to assess and determine attorney’s fees. On January 12, 2015, the trial court, concluding that there was no just reason for delay, amended its judgment to certify the judgment as final under LSA-C.C.P. art,' 1915(B). In applying the factors set forth in R.J. Messinger, Inc. v. Rosenblum, 04-1664 (La.3/2/05), 894 So.2d 1113, 1122, we conclude that the trial court properly designated the judgment as a final judgment for purposes of appeal.

. The record before was unclear what, if any, 19th Judicial District Court pleadings the trial court took judicial notice of, exclusive of the pleadings in the current suit (577,092). On October 26, 2015, this court issued an interim order to have the record supplemented with any such pleadings. The trial court later supplemented the record with the petition from suit number 577,011, the motion and order for dismissal from suit number 577,011, and the order of dismissal from suit number 577,- ■ 011.

. The Board avers that motions to transfer and consolidate were filed in’both suits, but the denial was rendered only in the first action prior to it being reallocated to the current division (where the second action was already pending and where the exceptions at issue were ultimately decided). The Board asserts that the motion to transfer and consolidate filed in the second action was mooted by Dr. Slaughter’s voluntary dismissal of the first action and was never considered by the trial judge that considered the underlying exceptions.

. In light of this ruling, we pretermit discussion of whether the current suit was barred by the parties' prior settlement agreement in the federal suit and whether Dr. Slaughter has stated'a cause of action for reprisal.