WINDHORST, J.
| Appellant, Jerilyn Thomas, seeks review of the trial court’s judgment granting appellee’s, Huntington Ingalls Incorporated’s, motion for summary judgment dismissing plaintiff’s claims against appellee with prejudice. For the reasons that follow, we affirm.
Facts and Procedural History
The following facts are undisputed for the purpose of the motion for summary judgment. Pinkerton Government Services, Inc, (“Pinkerton”) had a contract for security and related personnel services with appellee. Appellant was working as a Pinkerton security guard on board a U.S. Navy vessel, the LPD-23, which was under construction by appellee. Appellant’s duties included patrolling the vessel and “keying” in at various locations on the vessel with her “Detex Key Wand.” Appellant testified that they were shorthanded on January 16, 2012, and she had a limited amount of time to key her locations before she had to open Gate 38 at 11:00 P.M for the personnel shift change. She was walking from the upper deck to the second level when she noticed that the second level had no lights and was dark. She did not have a flashlight and her helmet did not have a light. Appellant had a radio with her but she did not radio her supervisor about the darkness on the second level because the radio “doesn’t work on the ship.” Nevertheless, appellant decided to go down the stairs to check in the various key locations on that level. When she was almost to the bottom of the stairs she “missed a step,” fell, and injured her head, back and knee. After she fell, she went up the stairs and to the back of *457 the vessel where she was able to radio her supervisor and inform him about her fall.
Appellant filed this lawsuit against ap-pellee contending that there were no lights on the second level and the darkness caused her to miss a step and fall. She claimed that had appellee notified her of the areas that were dark, she would have |2avoided those areas. Appellee filed an answer and subsequently filed this motion for summary judgment. In the motion for summary judgment, appellee argued that darkness is an open and obvious condition; and therefore, appellee had no duty to warn appellant of the dark. Appellee further contended that it had no duty to warn appellant because under the contract between appellee and Pinkerton, appellant’s specific job duties included informing ap-pellee about any lighting problems aboard the vessel, and appellant was therefore required to carry a flashlight, which she failed to do. The trial court granted appel-lee’s motion. This appeal followed.
Discussion
Appellate courts review the granting of a summary judgment de novo using the same criteria governing the trial court’s consideration of whether summary judgment is appropriate. Duncan v. U.S.A.A. Ins. Co., 06-863 (La. 11/29/06), 950 So.2d 544, 547; Rayfield v. Millet Motel, 15-496 (La.App. 5 Cir. 01/27/16), 185 So.3d 183, 185; Bailey v. Exxon Mobil Corp., 15-225 (La.App. 5 Cir. 12/23/15), 184 So.3d 191, 198. A motion for summary judgment should be granted “if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966B(2).[1] The party moving for summary judgment bears the burden of proof. La. C.C.P. art. 966C(2). However, if the mov-ant will not bear the burden of proof at trial, the movant’s burden on a | ^motion for summary judgment does not require him to negate all essential elements of the adverse party’s claim, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the claim. Id. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden at trial, there is no genuine issue of material fact and summary judgment should be granted. Id.
To establish liability for damages in a negligence case, the plaintiff is required to prove: (1) that the defendant had a duty to conform his conduct to a specific standard; (2) that the defendant’s conduct *458 failed to conform to the appropriate standard; (3) that the defendant’s substandard conduct was a cause-in-fact of the plaintiffs injuries; (4) that the defendant’s substandard conduct was a legal cause of the plaintiffs injuries; and (5) proof of actual damages. La. C.C. art. 2315; Helwig v. H.P.B. Inc., 15-389 (La.App. 5 Cir. 12/23/15), 182 So.3d 1169, 1171 (citing Detraz v. Lee, 05-1263 (La. 01/17/07), 950 So.2d 557, 565).
La. C.C. art. 2317.1 provides:
The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care.
Thus, to prove liability for an unreasonably dangerous defect, a plaintiff has the burden to show that the thing was in the custodian’s custody or control, it had a vice or defect that presented an unreasonable risk of harm, the defendant knew or should have known of the unreasonable risk of harm and the damage was caused by the defendant. La. C.C. art. 2317.1; Helwig, 182 So.3d at 1171.
To determine whether a condition is unreasonably dangerous, courts are required to consider the following factors in the risk-utility test: (1) the utility of the complained of condition, (2) the likelihood and magnitude of harm, including |4the obviousness and apparentness of the condition, (3) the cost to prevent the harm, and (4) the nature of the plaintiffs activities in terms of social utility or whether the activities were dangerous by nature. Bufkin v. Felipe’s La., LLC, 14-288 (La. 10/15/14), 171 So.3d 851, 856; Dauzat v. Curnest Guillot Logging Inc., 08-0528 (La. 12/02/08), 995 So.2d 1184, 1186-87 (per curiam).
The second prong of the risk-utility test focuses on whether the allegedly dangerous or defective condition was obvious and apparent, because a defendant generally does not have a duty to protect against that which is obvious and apparent. In order for an alleged hazard to be considered obvious and apparent, the hazard should be one that is open and obvious to everyone who may potentially encounter it. Bufkin, 171 So.3d at 856; Broussard v. State ex rel. Office of State Buildings, 12-1238 (La. 04/05/13), 113 So.3d 175, 184; Hutchinson v. Knights of Columbus, Council No. 5747, 03-1533 (La. 02/20/04), 866 So.2d 228, 234. If the facts of a particular case show that the. complained of condition should be obvious to all, the condition may not be unreasonably dangerous, and the defendant may owe no duty to the plaintiff. Upton v. Rouse’s Enter., LLC, 15-484 (La. App. 5 Cir. 02/24/16), 186 So.3d 1195, 1200.
In her first assignment of error, appellant contends that the trial court erred in considering inadmissible evidence at the motion for summary judgment hearing. Appellant contends the trial court made improper and impermissible factual findings in ruling on the motion and improperly weighed evidence and testimony. Appellant argues the trial court improperly relied on appellee’s argument concerning the contract provisions between appel-lee and Pinkerton requiring appellant to report inadequate lighting and to have a flashlight.[2] Appellant claims |fithe contract *459 was not proper summary judgment evidence because it was not attached to an affidavit. She further contends that even if the tidal court was correct in considering the contract, appellee is not shielded from liability.
First, the trial court’s judgment does not contain written reasons and appellant did not request written reasons. Therefore, it is not certain that the trial court considered the contract in its ruling. Also, appellant did not object to the contract as inadmissible evidence in her opposition memorandum, in a motion to strike, or at the motion for summary judgment hearing. Further, the contract was discussed in the deposition of Mark Washington, appel-lee’s corporate representative, and in appellant’s deposition, both of which were attached to the motion and properly before the court.
It was incumbent on appellant to produce evidence that darkness was not open and obvious and/or that appellee knew of the defect (ie., the darkness on the second level) or that it existed for such a period of time that the appellee should have known of it. Appellant did not produce any such evidence. Therefore, we find no merit to appellant’s argument.
In her second assignment of error, appellant contends that the trial court erred in finding no issue of material fact concerning the negligence of appellee. Appellant contends (1) there is an issue of fact as to the duty owed by appellee to appellant; (2) the darkness was unreasonably dangerous under the circumstances; (3) appellee had a duty to warn appellant of the unreasonably dangerous condition; (4) the trial court erred in impermissibly apportioning fault; and (5) the open and obvious doctrine does not apply to the facts of this case.
| fiBased on the evidence and facts of this case, the darkness on the second level was open and obvious, and therefore appel-lee had no duty to warn appellant about the darkness. Despite having personal knowledge that there were no lights on the second level and it was dark, appellant made a conscious decision to descend the dark stairs without a flashlight or radioing her supervisor about the inadequate lighting, in violation of the contract between Pinkerton and appellee. Additionally, according to Mr. Washington, appellant had the option of not going into an area and reporting why she did not go into a particular area.
Even assuming the darkness on the second level was not open and obvious and appellee had a duty to warn appellant about the darkness, appellant failed to produce evidence that appellee knew or should have known about the dark condition prior to appellant’s accident. Mr. Washington testified that had he known about any dark condition prior to appellant’s patrol, he would have advised Pinkerton about the problem. However, “there was definitely nothing communicated to *460 me of any lights or anything being out on that particular night.” Appellee could not warn of a condition of which it had no knowledge, and appellant put forth no evidence that appellee knew or should have known of the dark condition on the second level prior to her fall. Appellant’s specific job duties included notifying appellee about inadequate lighting and she failed to radio her supervisor when she had knowledge of the condition. Furthermore, Mr. Washington testified that Pinkerton employees were not required to go into areas that they believed were unsafe and were only required to generate a report stating why they did not go into an area. Appellant made a conscious decision to descend the dark stairs without notifying her supervisor and without a flashlight. Appellant therefore failed to sustain her burden of proof.
^Conclusion
For the reasons stated above, the trial court’s judgment granting appellee’s motion for summary judgment and dismissing appellant’s claims with prejudice is affirmed.
AFFIRMED

. At the time the motion for summary judgment was filed, La. C.C.P. art. 966 F(2) and (3) provided:
(2) Evidence cited in and attached to the motion for summary judgment or memorandum filed by an adverse party is deemed admitted for purposes of the motion for summary judgment unless excluded in response to an objection made in accordance with Sub-paragraph (3) of this Paragraph. Only evidence admitted for purposes of the motion for summary judgment may be considered by the court in its ruling on the motion.
(3) Only objections to evidence in support of or in opposition to a motion for summary judgment may be raised in memorandum or written motion to strike stating the specific grounds therefor.
This motion for summary judgment was filed in 2015, set for hearing in 2015, continued and reset, and heard on January 12, 2016. A new summary judgment provision went into effect on January 1, 2016. According to the provisions of 2015 Act 422, § 2, the amendment of La. C.C.P. art. 966 "shall not apply to any motion for summary judgment pending adjudication or appeal on the effective date.” Because this matter was pending adjudication on January 1, 2016, the effective date of the act, we apply the prior version.

. The contract between Pinkerton and appel-lee provided:
III. General Requirements—Functions and Duties
1. Security Officers
*459 cr ct o'
d. Operate patrol surveillance (clock)— systems within Huntington Ingalls facilities to ensure proper security rounds are being conduct. This shall include the reporting of hazardous and unsafe conditions, inadequate lighting, and improper security conditions for property or classified matter; other conditions detrimental to safe and efficient operation of the facility. [Footnote cont.]
2. Equipment
The following equipment will be supplied by the Seller [Pinkerton] to contract personnel assigned to Huntington Ingalls,
or cr cr
d. One flashlight and batteries (or rechargeable unit) available for each officer working during the hours of darkness.