WINDHORST, J.
| ]In this consolidated action, plaintiffs Arthur B. Tregre, Jr. and Lynsey P. Watson, as well as defendant Greg Champagne, in his official capacity as Sheriff for St. Charles Parish (Sheriff), appeal from a decision of the trial court granting summary judgment in favor of defendants, Boogie’s Lounge, LLC (Boogie’s) and Darrel A. Ranatza, and defendant/plaintiff-in-reconvention, Covington Specialty Insurance Company (Covington), and dismissing any and all claims against Boogie’s, Mr. Ranatza, and Covington with prejudice. We affirm the ruling of the trial court.
FACTS AND PROCEDURAL HISTORY
This action arises out of an automobile accident. The facts, for the purposes of this appeal, are as follows:
On August 4, 2013, Mr. Tregre was proceeding in his vehicle southbound on La. Highway 52, in St. Charles Parish, Louisiana. He- was following a vehicle driven by Dallas Veillon. While Mr. Veillon was attempting to make a left turn, a police cruiser traveling northbound on La. High *1237 way 52, driven by Deputy Jeff Watson, struck Mr. Veillon’s left-turning vehicle. The police cruiser then entered the southbound lane and struck Mr. Tregre’s vehicle head-on. Deputy Watson was killed in the accident and Mr. Tregre suffered serious injury.
Deputy Watson was employed by the St. Charles Parish Sheriffs Office and was in the course and scope of his employment at the time of the accident. A short time prior to the accident, Mr. Veillon had been drinking at Boogie’s, and was ejected from that establishment. Mr. Veillon was allegedly driving while intoxicated at the time of the accident. Mr. Ranatza was a member of the limited liability corporation that owned Boogie’s.
On October 10, 2013, Mr. Tregre filed his petition for damages incurred as a result of the accident. In his petition, he named as defendant the Sheriff and his I insurer, Atlantic Specialty Insurance Company. Mr. Tregre also named as defendants Mr. Veillon and his insurer, State Farm Insurance. On August 4, 2014, Mr. Tregre filed a supplemental and amending petition, naming as defendants Mr. Ranat-za, Boogie’s, and its insurer, Covington. In his petition, Mr. Tregre alleged that Mr. Veillon became intoxicated while drinking at Boogie’s and that he was ejected from Boogie’s while intoxicated. Mr. Tregre contended that Boogie’s employees ejected Mr. Veillon from the bar, which is located next to a busy highway, with the knowledge that he was intoxicated and was going to drive on that highway. Mr. Tregre further asserted a “spoliation of evidence” claim against Mr. Ranatza, by alleging that Boogie’s had a fully functional and operational video surveillance camera system that recorded the acts of its employees inside the bar, and that Mr. Ranatza, either personally or through one of his employees, caused the system to be removed with the intent to purposefully destroy the evidence therein. Boogie’s and Mr. Ranat-za filed an answer raising several affirmative defenses, including that Mr. Tregre’s damages were not proximately caused by their alleged actions.
Thereafter, on March 25, 2015, Coving-ton, the liability insurer of Boogie’s, filed a petition for intervention in the suit filed by Mr. Tregre, seeking a declaratory judgment that, under the terms of its policy issued to Boogie’s, it owed no duty of defense or indemnity to Boogie’s and/or Mr. Ranatza.
On July 8, 2014, Lynsey P. Watson, Deputy Watson’s wife, filed her petition for damages, naming as defendant Mr. Veillon and his insurer, State Farm, and also Atlantic Specialty Insurance Company, the Sheriffs insurer, seeking relief under its uninsured/underinsured motorist coverage. On September 1, 2015, Mrs. Watson filed a supplemental and amending petition, adding Boogie’s and Mr. Ranatza as defendants.
On September 6, 2015, Covington filed a motion for summary judgment, seeking a declaration that it had no duty to defend or to indemnify defendants | ..¿Boogie’s or Mr. Ranatza. Covington was the issuer of a Commercial General Liability Coverage policy providing coverage to Boogie’s, for “‘bodily injury’ and ‘property damage’ [that] is caused by an ‘occurrence’ that takes place in the ‘covered territory[.]’ ” Covington argued that the injuries and damages occurred on the highway and not in “covered territory.” Covington further argued that there was no coverage for the spoliation claim, because the policy specifically excluded coverage for electronic data. Finally, Covington argued that the policy had an absolute exclusion for “bodily injury” or “damages” for actions “causing or contributing] to the intoxication of any person.” Covington asserted that it was entitled to summary judgment because *1238 there was no coverage for any and all acts alleged by the parties.
On December 6,- 2015, defendants Mr. Ranatza and Boogie’s also filed a motion for summary judgment. In the motion for summary judgment, defendants argued that the actions of Boogie’s and/or Mr. Ranatza were not the proximate or legal cause of the accident or resultant injuries, thus there is no liability on the part of defendants for .either the injuries or for any spoliation claim. Furthermore, they asserted that the security system was not recording on the night of the accident, and therefore there is no evidence to support a spoliation claim against Mr. Ranatza.
On May 13, 2016, the trial court granted the motions for summary judgment and dismissed any and all claims against Cov-ington, Mr., Ranatza, and Boogie’s with prejudice. Plaintiffs, Mr. Tregre and Mrs. Watson, as well as defendant, Sheriff, filed motions for appeal. In addition, Covington filed an answer to the appeal.[1]
DISCUSSION
Appellate courts review the granting of a suminary judgment de novo using the same criteria governing .the trial court’s consideration of whether summary I ¿judgment is appropriate. Duncan v. U.S.A.A. Ins. Co., 06-363 (La. 11/29/06), 950 So.2d 544, 547; Thomas v. Hunting Ingalls, Inc., 16-474 (La. App. 5 Cir. 12/21/16), 210 So.3d 454, 457. A motion for summary judgment should be granted “if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion' for summary judgment, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966B(2).[2] The party moving for summary judgment bears the burden of proof. La. C.C.P. art. 966C(2). However, if the movant will not bear the burden of proof at trial, the movant’s burden on a motion for summary judgment does not require him to negate all essential elements of the adverse party’s claim, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the claim. Id. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden at trial, there is no genuine issue of material fact and summary judgment should be granted. Id.
Appellate courts review a district court’s grant of summary judgment de novo, viewing the record and all reasonable inferences that may be drawn from it in the light most favorable to the non-movant. Bourgeois v. Boomtown, LLC, 10-553 (La.App. 5 Cir. 02/15/11), 62 So.3d 166, 169.
Appellants[3] argue that material issues of fact remain and therefore the trial court erred in granting summary judgment. The motions for summary judgment in this matter are predicated on Louisi *1239 ana’s Anti-Dram Shop Act, La. R.S. 9:2800.1, which provides in pertinent part:
Is A. The legislature finds and declares that the consumption of intoxicating beverages, rather than the sale or serving or furnishing of such beverages, is the proximate cause of any injury, including death and property damage, inflicted by an intoxicated person upon himself or upon another person.
B. Notwithstanding any other rlaw to the contrary, no person holding a permit under either Chapter 1 or Chapter 2 of Title 26 of the Louisiana Revised Statutes of 1950, nor any agent, servant, or employee of such a person, who sells or serves intoxicating beverages of either high or low alcoholic content to a person over the age for the lawful purchase thereof, shall be liable to such person or to any other person or to the estate, successors, or survivors of either for any injury suffered off the premises, including wrongful death and property damage, because of the intoxication of the person to whom the intoxicating beverages were sold or served.
* *' *
D. The insurer of the intoxicated person shall be primarily liable with respect to injuries suffered by third persons.
E. The limitation of liability provided by this Section shall not apply to any person who causes or contributes to the consumption of alcoholic beverages by force or by falsely representing that a beverage contains no alcohol.
La. R.S. 9:2800.1 was enacted “with the express purpose of placing the responsibility for consequences of intoxication on the intoxicated person* rather than the server of the alcohol.” Aucoin v. Rochel, 08-1180 (La. App. 1 Cir. 12.23/08), 5 So.3d 197, 201. Thus, La. R.S. 9:2800.1 provides immunity for bar owners and their agents, servants or employees if certain requirements are met, namely that the bar owner holds a permit to sell alcoholic beverages, the bar owner or its personnel served alcoholic beverages to a person over the lawful drinking age, the purchaser suffered and/or caused another to suffer an injury off the bar’s premises, and the injury was caused by the purchaser’s intoxication. Id.
Appellants do not argue that the statute does not apply. Instead, they argue that defendants Boogie’s and/or Mr. Ranatza had a duty to avoid committing affirmative acts, which they allege caused or contributed to the accident at issue. In their brief, the alleged affirmative acts are not discussed. However, the petitions filed by Mr. Tregre and by Mrs. Watson both allege that immediately prior to the 1 (¡accident, employees of Boogie’s forcibly ejected Mr. Veillon from the bar, which is next to a busy highway, with the knowledge that he was intoxicated and was going, to drive on the roadways in an inebriated condition. They further alleged that the bartender working at the time did not have a valid license to serve alcohol. Finally, they asserted, a claim for spoliation of evidence, alleging that Mr. Ranatza destroyed evidence, namely the surveillance cameras, which showed affirmative acts by the employees of Boogie’s.
In this argument, appellants contend that Boogie’s had a duty to Mr. Veillon,anci to the public in general, to avoid performing affirmative acts with the knowledge that these acts would increase the likelihood that Mr. Veillon, -as an intoxicated driver, would travel the roadways, and that by ejecting Mr. Veillon from the bar, Boogie’s breached that duty.
However,- by enacting La. R.S. 9:2800.1, the legislature has found that the consuming of alcohol is the proximate cause of injury inflicted by an intoxicated person. The statutorily provided exceptions to this limitation of liability apply only'to any *1240 person who causes or contributes to the consumption of alcoholic beverages by force or by falsely representing that the beverage has no alcohol, or when alcoholic beverages are provided or sold to a minor. [4]
17Appellants also argue that the statutory immunity does not apply here because there is an issue of fact as to whether the bartender was licensed when serving Mr. Veillon. For the immunity provisions of La. R.S. 9:2800.1 to apply, the following requirements must be met: 1) the bar owner must hold a permit under Title 26 of the Louisiana Revised Statutes; 2) the bar owner, its agents and servants or employees sell or serve intoxicating beverages to a person over the age for lawful purchase thereof; 3) the purchaser thereof suffers an injury off the premises; and 4) this injury or accident was caused by the intoxication of the person to whom the intoxicating beverages were sold or served. Zapata, supra at 607. That these requirements were met is not disputed in this case.
There is no requirement under this statute that the bartender be licensed. Because there is no dispute that the provisions of La. R.S. 9:2800.1 have been met, Boogie’s is immune from tort liability. In Bourgeois, supra, the issue was whether the serving of alcohol by Boomtown Casino to an intoxicated person, a violation of La. R.S. 26:90A(2)[5], rendered the immunity provision of La. R.S. 9:2800.1 inapplicable. In that case, it was argued that Boomtown served alcohol to Mr. Bourgeois, despite the fact that he was intoxicated. Mr. Bourgeois left the casino and was killed in a one-car accident shortly after he left. Autopsy records revealed that Mr. Bourgeois’ blood alcohol level was .290% at the time of the accident. Thereafter, plaintiffs filed suit against Boomtown for wrongful death. Pursuant to a motion for summary judgment, this Court found that Boomtown was immune from liability under la. R.S. 9:2800.1, stating that “Since the legislature has for public policy reasons eliminated legal or ‘proximate cause’ in a case of this type, Boomtown’s act of serving alcohol is *1241 not the proximate cause of decedents death 18and absent this essential legal element, plaintiffs case falls as a matter of law.” Bourgeois, 62 So.3d at 171.
The same rationale applies in this case. Although appellants argue that the bartender may not have had a valid license, her act of serving alcohol without a license is not a proximate cause of accident in this case, and therefore does not create an issue of fact sufficient to defeat summary judgment.
We find that the trial court did not err in concluding that the immunity provision set forth La. R.S. 9:2800.1 is applicable in this case.
Closely related to appellants’ argument that the trial court erred in granting the motions for summary judgment based on the immunity provisions of La. R.S. 9:2800.1, is appellants’ claim that the trial court erred in dismissing their spoliation of evidence claim, in which it is alleged that Mr. Ranatza destroyed, or caused to be destroyed, video surveillance evidence that showed the commission of the alleged affirmative acts.
The theory of “spoliation of evidence” refers to an intentional destruction of evidence for the purpose of depriving opposing parties of its use. Desselle v. Jefferson Parish Hosp. Dist. No. 2, 04-455 (La. App. 5 Cir. 10/12/04), 887 So.2d 524, 534; Pham v. Contico Intern. Inc., 99-945 (La. App. 5th Cir. 03/22/00), 759 So.2d 880.
A plaintiff asserting a state law tort claim for spoliation of evidence must allege that the defendant intentionally destroyed evidence. Allegations of negligent conduct are insufficient. Desselle, 887 So.2d at 534. The tort of spoliation of evidence has its roots in the evidentiary doctrine of “adverse presumption,” which allows a jury instruction for the presumption that the destroyed evidence contained information detrimental to the party who destroyed the evidence unless such destruction is adequately explained. Desselle, 887 So.2d at 534; Pham, 759 So.2d at 882.
lain this case, because there is statutory immunity from liability for any injuries caused by an intoxicated person, there is no merit to any claim that the immune party intentionally destroyed evidence detrimental to that party.
Covington filed an answer in this court, contending that the trial court erred in failing to find that its policy issued to Boogie’s excluded coverage for the claims against Boogie’s and/or Mr. Ranatza. Cov-ington seeks, in its answer, a modification of the trial court’s reasons for judgment, and not the judgment itself. Since Coving-ton has been dismissed from this suit, and since we affirm the judgment dismissing Covington, we decline to discuss these issues.
CONCLUSION
Considering the foregoing, we find no error in the trial court’s judgment dismissing all claims filed against Covington Specialty Insurance Company, Derrell A. Ra-natza and Boogie’s Lounge, LLC with prejudice. Accordingly, the judgment qf the trial court is affirmed. Costs are assessed against the appellants.
AFFIRMED

. No motions for appeal were-filed on behalf of Mr. Veillon, Frank Clavelle, or Auto Club Family Insurance,

. This motion for summary judgment was filed in .December 2015, heard on April 25, 2016, and judgment rendered on May 13, 2016, A new summary judgment provision went into effect on January 1, 2016. According to the provisions of 2015 La. Acts, No. 422, § 2, the amendment of La. C.C.P. art. 966, "shall not apply to any motion for summary judgment pending adjudication or appeal on the effective date.” Because this matter was pending adjudication on January 1, 2016, the effective date of the act, we apply the prior version.

. Sheriff filed a brief assigning errors and presenting arguments in support of the appeal. Appellants, Mr, Tregre and Mrs. Watson, filed briefs adopting in total the issues and .arguments presented in Sheriff’s brief.

. Appellants argue that the Louisiana Supreme Court, in Berg v. Zummo, 00-1699 (La. 04/25/01), 786 So.2d 708, 713-14, FN3, recognized that there was a "potential non-application of LSA-R.S. 9:2800.1 based on affirmative acts independent of the mere sale of alcohol." As noted by the court in Aucoin, supra, this footnote "is not only dicta, but it merely leaves open the possibility of the issue being raised, and specifically indicates no opinion either way. Additionally, the statutory language [of La. R.S. 9:2800.1] is clear and unambiguous, leaving no room for interpretation beyond the ordinary meaning of the words employed.” Aucoin, 5 So.3d at 203. Moreover, under the alleged facts of this case, we need not consider whether a jurisprudential exception may apply under certain circumstances.
The trial court in this case recognized that there was no "affirmative action” to defeat the immunity provision of La. R.S. 9:2800.1, stating in its reasons for judgment that:
[T]hose opposing the Motions for Summaiy Judgment herein are asking this Court to jurisprudentially create an exception (or exceptions) to the immunity statute by creating causes of action for ‘affirmative acts’ that are derivative of the serving of liquor. This the Court declines to do. The legislature writes the laws. The legislature has made it clear that "the consumption of intoxicating beverages, rather that the sale or serving of furnishing of such beverages, is the proximate cause of any injury, including death and property damage, inflicted by an intoxicated person upon himself or upon another person.” The legislature wrote the law which applies in this case, and this Court has no recourse but to follow same.

. La. R.S. 26:90A(2) provides:
A, No person holding a retail dealer's permit and no agent, associate, employee, representative, or servant of any such person shall do or permit any of the following acts to be done on or about the licensed premises:
(2) Sell or serve alcoholic beverages to any intoxicated person.